BARRIER et al. v. LOWERY et al. (Motion No. 8341; No. 933–5033.)

Commission of Appeals of Texas, Section B. Feb. 20, 1929.

For original opinion, see **11** S.W.(2d) 298.

LEDDY, J. The respondent Lowery has filed a motion for rehearing in which he vigorously assails the correctness of our statement of the record in this case. It is asserted that we either have not considered or misunderstood the record in this proceeding. It is charged that our lack of a proper conception of the record has caused us to make the following erroneous findings of fact:

(1) That plaintiffs' cause of action in the district court of Dallas county was dismissed for want of prosecution.

(2) That relators' cross-action remained on the docket of the district court of Dallas county for trial.

(3) That, before a trial could be obtained on relators' cross-action in the district court of Dallas county, respondent Lowery filed an independent suit in Lubbock county involving the same subject-matter as embraced in said cross-action.

A brief analysis of the facts will demonstrate that we have neither misunderstood nor failed to properly consider the record.

Our finding that respondent Lowery's cause of action was dismissed in the district court of Dallas county for want of prosecution is sustained by the order of court dismissing same, which in part reads as follows:

"This day came on to be heard the above entitled and numbered cause, and plaintiff failing to appear, the court is of the opinion that this cause ought to be dismissed for want of prosecution."

The order of the court then proceeds in the usual form to dismiss the case, and assesses the cost against the plaintiff Lowery. No mention whatever is made in the order of the court of relators' cross-action.

The second finding complained of is not one of fact but rather a question of law. Where a cause in which the defendants have filed a cross-action is dismissed for want of prosecution, such dismissal does not operate to dismiss the cross-action, and it remains on the docket for trial. It has been expressly determined in this state that the dismissal of a plaintiff's suit for want of prosecution is equivalent to a voluntary dismissal by him, and does not in any way affect the right of the defendant to recover on his cross-action. Bradford v. Hamilton, 7 Tex. 55; Cunningham v. Wheatly, 21 Tex. 184; Burford v. Burford (Tex. Civ. App.) 40 S. W. 602; Marshall v. Shueber & Co., 3 Willson, Civ. Cas. Ct. App. § 370; McKie, Executor, v. Simpkins, 1 White & W. Civ. Cas. Ct. App. § 278; article 2182, R. S. 1925.

In connection with the third contention, respondent Lowery states in his motion that the suit filed in Lubbock county did not involve at all the same subject-matter as was involved in relators' cross-action in the district court of Dallas county. If this was an accurate statement of the record, the inquiry would naturally suggest itself under what conceivable theory the district court of Lubbock county was authorized to enjoin relators from prosecuting their cross-action. If in truth and in fact relators were prosecuting a suit in Dallas county that did not involve "at all" the subject-matter of the Lubbock county suit,

then no basis whatever existed for the issuance of an injunction by the district court of Lubbock county preventing the prosecution of the cross-action in Dallas county.

 It is not a fact, however, that relators' cross-action in the district court of Dallas county did not embrace the same subject-matter as that involved in the Lubbock suit. A mere statement of the relief sought in each case is conclusive of such proposition. In the Lubbock suit respondent sought to cancel the deed made by him to the relators to 420 acres of land and to remove the cloud from title and to recover title to the land on the claim that relators had fraudulently induced him to enter into a contract to exchange said land for a one-seventh interest in a trading partnership, designated as the Gold Bond Saving Stamp Company.

Relators, in their cross-action in the district court of Dallas county, pleaded the identical contract sought to be rescinded in the Lubbock suit. Their prayer was for the court to affirm the validity of such contract, to remove cloud from title to land obtained thereunder, and to recover indebtedness created by reason of Lowery's acts in recognition of said contract.

It is apparent that a judgment for the relief prayed for by relators in the Dallas county suit could be successfully pleaded in bar against the cause of action asserted in the Lubbock suit.

 But one other contention made in the motion need be considered. It is argued at length that, because no citation had been served upon respondent on relators' cross-action in the Dallas county suit, at the time of the filing of the suit in the district court of Lubbock county, that court had exclusive jurisdiction to determine the matters involved in said suit.

Respondent seemed to labor under the impression that the jurisdiction of a district court in this state does not attach in a suit filed therein until service of process has been had upon the defendant. We need not discuss the conflicting authorities of different states as to when a suit is commenced, as in this state the Legislature has in terms declared what is the commencement of a suit. Article 1971 provides that a suit is commenced by the filing of a petition.

Our Supreme Court, in Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, cites this statute to sustain the following declaration made by the court:

"Regardless of the question as to whether the original petition was sufficient in all respects against demurrer, its subject-matter was within the jurisdiction of the District Court of Johnson County, and that court, *by the filing of the petition*, acquired jurisdiction of the suit."

Independent of this statute, there are numerous authorities holding that, where a petition is filed and the process of the court is invoked thereon, even though such process is not served upon the defendant, the court thereby acquires jurisdiction of the subject-matter. Schroeder v. Merchants' & Mechanics' Ins. Co., 104 Ill. 71; State v. Muench, 230 Mo. 236, 130 S. W. 283.

It appears from the record in this case that relators, after filing their cross-action in Dallas county, invoked the process of the court by causing citation to be issued thereon, the same being returned by the sheriff of Dallas county, not served because the defendant was not found in the county. It being shown that the process of the district court of Dallas county was invoked on relators' cross-action, that court clearly acquired jurisdiction of the subject-matter of such suit.

 It is a familiar principle that, when a court of competent jurisdiction acquires jurisdiction of the subject-matter of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063. This principle is a salutary one, essential to the proper and orderly administration of justice, and its enforcement is necessary in order to prevent unseemly and dangerous conflicts of jurisdiction and process.

We recommend that the motion for rehearing be denied.