Eduardo MACARANGAL, and Metro
Airlines, Inc., Relators,

v.

The Honorable Frank ANDREWS, Judge
116th District Court of Dallas County,
Texas, Respondent.

No. 05–92–00616–CV.

Court of Appeals of Texas,
Dallas.

July 21, 1992.

David T. Moran, Timothy E. Taylor, Fred Meier, Dallas, for relators.

Bryan Newcombe, Houston, and Richard F. Werstein, Dallas, for respondent.

Before ENOCH, C.J., and BAKER and ROSENBERG, JJ.

ORIGINAL PROCEEDING PETITION
FOR WRIT OF MANDAMUS

ROSENBERG, Justice.

OPINION

In this original proceeding, relators seek a writ of mandamus directing the trial

court to vacate an order reinstating a cause dismissed for want of prosecution. Relators contend that the trial court signed the order of reinstatement after its plenary jurisdiction had expired and, therefore, that the order of reinstatement was void. We disagree, and, accordingly, we deny relators' petition for writ of mandamus.

Real-parties-in-interest William Max Schmidt, an employee of Continental Airlines, and his wife, Jo Ann Curry Schmidt, sued relators Eduardo Macarangal and Metro Airlines, Inc. The Schmidts sought recovery for injuries resulting from an on-the-job accident involving William Schmidt. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, intervened in the suit. National Union asserted a subrogation claim for reimbursement of workers' compensation benefits paid to Schmidt.

After Metro Airlines filed a notice of bankruptcy, the trial court, by letter, requested that the Schmidts' attorney certify certain matters concerning the bankruptcy. The letter warned that failure to certify would result in dismissal for want of prosecution. After the Schmidts' attorney failed to take the requested action, the trial court signed an order dismissing the cause for want of prosecution on December 31, 1991. Although the order's caption listed National Union as an intervenor, the text of the order contained no explicit disposition of National Union's claim. The order stated:

> Plaintiff(s) having failed to take certain action heretofore specified by the court within the time period prescribed, the court finds that the cause should be dismissed for want of prosecution pursuant to TEXAS RULES OF CIVIL PROCEDURE 165a.

> IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED by the court that this cause be and is hereby dismissed and that all court costs shall be taxed against the Plaintiff(s), for which let execution issue.

> IT IS FURTHER ORDERED that execution may issue in favor of the officers of the court against each party hereto respectively, for all costs by each incurred.

The Schmidts filed an unverified motion to reinstate on January 21, 1992, and an amended motion, which was verified, on February 14, 1992. The trial court reinstated the cause by order of March 2, 1992.

In this original proceeding, relators seek a writ of mandamus directing the trial court to vacate the March 2, 1992 order. Relators contend that the Schmidts' January 22, 1992 motion to reinstate did not extend the trial court's plenary jurisdiction because it was not verified. Consequently, according to relators, the trial court signed the March 2nd order after its plenary jurisdiction had expired, and, therefore, the March 2nd order was void. The Schmidts respond that, because it contained no explicit disposition of National Union's plea in intervention, the December 31st order was interlocutory. Since there was no final judgment, the Schmidts assert, the trial court retained jurisdiction to reinstate their suit in March.

## I. THE TRIAL COURT'S JURISDICTION TO REINSTATE A CASE DISMISSED FOR WANT OF PROSECUTION

Rule 165a of the Texas Rules of Civil Procedure governs reinstatement of cases dismissed for want of prosecution. In such cases, a party may file a motion to reinstate within thirty days of the date on which the order of dismissal was signed. TEX.R.CIV.P. 165a(3). A timely motion to reinstate extends the trial court's plenary jurisdiction in the same manner as a motion for new trial under rule 329b. *See* TEX.R.CIV.P. 329b. That is, it extends the trial court's plenary jurisdiction until thirty days after the motion to reinstate is overruled. TEX.R.CIV.P. 165a(3).

Rule 165a requires the movant or his attorney to verify the motion to reinstate. TEX.R.CIV.P. 165a(3). An unverified motion to reinstate does not extend the trial court's plenary jurisdiction. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex.1990, orig. proceeding). In the absence of a verified motion to reinstate, the trial court's plenary jurisdiction expires thirty days after the date on which it signed a final order of dismissal. *Id.* Mandamus is an appropriate remedy if the trial court grants an

unverified motion after its plenary jurisdiction has expired. *Id.*

In this case, the Schmidts failed to file a verified motion to reinstate within thirty days of December 31, 1991, the date on which the trial court signed the order of dismissal, and the trial court reinstated the case more than thirty days after that date. Therefore, the determinative issue in this case is whether the December 31, 1991 order of dismissal was a final judgment. If the December 31st order was interlocutory, the trial court retained jurisdiction to reinstate the case on March 2nd, and relators have failed to demonstrate that they are entitled to a writ of mandamus. *See Massey v. Davis,* 650 S.W.2d 551, 554 (Tex. App.–Eastland 1983, writ ref'd n.r.e.). On the other hand, if the December 31st order was a final judgment, then the trial court's plenary jurisdiction expired on January 30, 1992, the March 2nd order of reinstatement is *void,* and relators are entitled to mandamus relief. *McConnell,* 800 S.W.2d at 194.

## II.  FINALITY OF THE DECEMBER 31, 1991 ORDER

▮ To be final, a judgment must dispose of all issues and parties in a case. *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). The disposition need not always be express, however. In *Aldridge,* the Texas Supreme Court established a presumption of finality applicable to judgments signed in cases set for conventional trial on the merits. In such cases, the judgment's failure to expressly dispose of one or more parties or claims does not preclude its being final. Instead, *Aldridge* instructs the reviewing court simply to presume that the trial court "intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." *Aldridge,* 400 S.W.2d at 897–98. The *Aldridge* court recognized an exception to this presumption of finality in cases where, as here, the plaintiff's claim is dismissed for want of prosecution. In such cases,

there is no presumption that the dismissal order also disposed of issues in an independent cross-action or counterclaim. *Id.* at 897; *see also PHB, Inc. v. Goldsmith,* 539 S.W.2d 60 (Tex.1976).

▮ In this case, National Union asserted its subrogation claim by a plea in intervention. The caption of the December 31, 1991 dismissal order listed National Union as an intervenor, but the text contained no reference to National Union's claim. Despite this failure to explicitly address National Union's claim, relators would have us conclude that, even without benefit of the *Aldridge* presumption of finality, the December 31st order disposed of National Union's claim. Relators present several somewhat interrelated arguments in support of their contention that the December 31st judgment is final.[1] Relators argue that National Union's claim is entirely derivative of the Schmidts', so that when the trial court dismissed the Schmidts' claim, by necessary implication it also disposed of National Union's claim. In further support of their contention that the December 31st judgment is final, relators point out that the caption of the December 31st order listed National Union as a party; that the order dismissed "this cause"; and that the order provided for execution. These factors, according to relators, clearly show that the trial court intended to, and did, dispose of all parties and claims in the December 31st order. We disagree. A compensation carrier's subrogation suit is governed by article 8308–4.05 of the Texas Workers' Compensation Act. In general, if a covered employee sustains a work-related injury, a recovery of workers' compensation benefits is the employee's exclusive remedy against his employer. TEX.REV.CIV. STAT.ANN. art. 8308–4.01 (Vernon Pamph. 1992). Article 8308–4.05, however, allows an injured employee to recover damages from a third-party tortfeasor. TEX.REV.CIV. STAT.ANN. art. 8308–4.05(a) (Vernon Pamph. 1992). An employee who seeks damages

---

1. In their petition for writ of mandamus, relators do not address whether the December 31st judgment is a final judgment despite its failure to dispose explicitly of National Union's claim. Instead, they simply assume its finality. The arguments discussed in this opinion are the arguments that relators presented to the trial court in their response to the Schmidts' amended motion to reinstate.

from a third party remains entitled to pursue a claim for workers' compensation benefits. *Id.* If the employee receives compensation benefits, however, the compensation carrier becomes subrogated to the rights of the employee and may enforce the liability of the third-party tortfeasor. TEX. REV.CIV.STAT.ANN. art. 8308–4.05(b) (Vernon Pamph.Supp.1992).

This Court has interpreted the predecessor to article 8308–4.05 as creating only one cause of action against a third-party tortfeasor. *Phennel v. Roach,* 789 S.W.2d 612, 615 (Tex.App.—Dallas 1990, writ denied). The injured employee owns this cause of action, burdened by the right of the insurance carrier to recoup compensation paid. *Id.* Thus, this Court has held that, when the injured employee's pleadings are stricken, the insurance carrier's cause is also defeated. *Id.*

Despite the derivative nature of the carrier's subrogation claim, it is well established that article 8308–4.05(b) authorizes the carrier to bring suit against the third-party tortfeasor without joining the employee. *See Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 796 (Tex.1974); *Fort Worth Lloyds v. Haygood,* 151 Tex. 149, 246 S.W.2d 865, 869 (1952). Thus, as the Schmidts observe, National Union could have asserted its subrogation claim against relators even in the absence of a suit by the Schmidts. The purpose of this subrogation provision is to prevent overcompensation of the employee and to reduce the burden of insurance to the employer and to the public. *American Gen. Fire & Cas. Co. v. McDonald,* 796 S.W.2d 201, 204 (Tex. App.—San Antonio 1990, writ denied). Accordingly, the carrier's right to reduce its liability through payments by a third party must not be compromised. *Id.; see also*

*Fort Worth Lloyds,* 246 S.W.2d at 869–71 (when employee and third-party tortfeasor settle, first money recovered by the employee should go to reimburse the compensation carrier); *Home Indem. Co. v. Thompson,* 407 S.W.2d 530, 531 (Tex.Civ. App.—Texarkana 1966, no writ) (where employee and third party settle, both are liable to carrier for amount of compensation paid).

In this case, the December 31st order of dismissal is at best ambiguous in its treatment of National Union's claim.[2] Since the order is a dismissal for want of prosecution,[3] there is no presumption that the trial court disposed of the subrogation claim. *See Aldridge,* 400 S.W.2d at 897; *Davis v. McCray Refrigerator Sales Corp.,* 136 Tex. 296, 150 S.W.2d 377, 378 (1941) ("[W]here the court dismisses the plaintiff's suit, and does not refer to or mention the defendant's cross-action, the judgment does not dispose of the cross-action expressly or by implication, and is therefore not such a final judgment as will authorize an appeal therefrom."). Neither the notice that precipitated the December 31st order of dismissal nor the order of dismissal expressly refers to National Union's claim. In this context, the language dismissing "this cause" is not sufficient to dispose of National Union's claim. *See Legrand v. Niagara Fire Ins. Co.,* 743 S.W.2d 241, 242–43 (Tex.App.—Tyler 1987, no writ) (dismissal of "the above styled and numbered cause" did not dispose of defendant's cross action); *Massey,* 650 S.W.2d at 554 (dismissal of "the hereinafter styled and numbered causes" did not dispose of interventions and cross-actions). The December 31st order does not expressly dispose of National Union's claim. Further, since National Union could have asserted its claim

---

**2.** This ambiguity distinguishes the present case from this Court's opinion in *Phennel v. Roach,* 789 S.W.2d 612 (Tex.App.—Dallas 1990, writ denied). The opinion in *Phennel* suggests that the trial court's order clearly disposed of both the injured employee's and the compensation carrier's suit. The issue addressed in *Phennel* was simply the correctness of that disposition. *Phennel,* 789 S.W.2d at 615.

**3.** In summary judgments, another instance in which there is no presumption of finality, this

Court has declined to construe ambiguous orders as final. *See McClennahan v. First Gibraltar Bank, F.S.B.,* 791 S.W.2d 607 (Tex.App.— Dallas 1990, no writ); *Sakser v. Fitze,* 708 S.W.2d 40 (Tex.App.—Dallas 1986, no writ) (Mother Hubbard clause in summary judgment does not dispose of claims not presented in motion); *but see Cockrell v. Central Sav. and Loan Ass'n,* 788 S.W.2d 221 (Tex.App.—Dallas 1990, no writ).

in the absence of a suit by the Schmidts, we do not construe the December 31st dismissal as disposing of National Union's claim by necessary implication. The December 31st dismissal order was interlocutory, and the trial court retained jurisdiction to reinstate the Schmidts' claims in March. Accordingly, we deny relators' petition for writ of mandamus.

BAKER, J., dissents and files an opinion.

BAKER, Justice, dissenting.

The majority concludes the respondent's December 31, 1991 dismissal order is interlocutory. Because of this conclusion, the majority denies the writ of mandamus. I think the order is final. I would grant the writ. I respectfully dissent.

### THE UNDERLYING LITIGATION

In September 1990, real parties in interest William Max Schmidt and his wife sued relators Eduardo Macarangal and Metro Airlines, Inc. The Schmidts' causes of action against relators arose from injuries Mr. Schmidt sustained in an accident at the Dallas/Fort Worth Airport in July 1989, when a baggage conveyor driven by Mr. Schmidt collided with a Metro Airlines van operated by Macarangal. In February, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, intervened in the suit to secure reimbursement of workers' compensation benefits it paid to Mr. Schmidt.

The Schmidts' attorney did not take certain action respondent requested. Respondent dismissed the cause for want of prosecution on December 31, 1991. The Schmidts filed an unverified motion to reinstate on January 21, 1992. On February 14, 1992, the Schmidts filed an amended motion to reinstate, which they verified. Despite relators' contention that his plenary jurisdiction had expired, respondent signed an order reinstating the cause on March 2, 1992. The relators filed this original proceeding for writ of mandamus asserting that respondent lacked jurisdiction to enter the March 2 order. Relators contend the order is void because the court signed it after the court's plenary jurisdiction expired.

### THE ISSUE

The majority recognizes that the issue is whether respondent's dismissal order is final. If it is final, respondent lost plenary jurisdiction to rule on the Schmidts' February amended motion to reinstate. *See McConnell v. May*, 800 S.W.2d 194 (Tex. 1990) (orig. proceeding). If it is interlocutory, respondent retained jurisdiction and could rule on the February amended motion to reinstate. *See Massey v. Davis*, 650 S.W.2d 551, 554 (Tex.App.—Eastland 1983, writ ref'd n.r.e.).

### THE PARTIES' CONTENTIONS

#### A. Relators

Relators contend the dismissal order entered on December 31, 1991, is a final order. Relators argue the order disposed of the claims of plaintiffs Schmidt and intervenor National Union Fire Insurance Company of Pittsburgh, Pennsylvania. Relators contend that because the plaintiffs and intervenor did not file a verified motion within thirty days of the entry of the December 31, 1991 dismissal order, respondent's jurisdiction to reinstate the case expired on January 30, 1992. Relators argue that respondent abused his discretion when he granted the Schmidts' motion to reinstate.

#### B. Respondent and Real Parties in Interest

Respondent and the real parties in interest contend that the December 31, 1991 dismissal order was interlocutory because it did not dispose of National's claim in intervention. Respondent and the real parties in interest additionally argue that reinstatement was proper because neither they nor their attorneys received notice of the proposed dismissal.

### THE APPLICABLE LAW

#### A. Motion to Reinstate

Rule 165a of the Texas Rules of Civil Procedure governs the reinstatement of cases dismissed for want of prosecution. *See* TEX.R.CIV.P. 165a. That rule requires a party seeking reinstatement to file a verified motion to reinstate within thirty days after the court signs the dismissal order or

within the period provided by rule 306a. TEX.R.CIV.P. 165a(3). *McConnell*, 800 S.W.2d at 194; *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986). A trial court's jurisdiction to reinstate a case expires within thirty days of the date of the entry of the dismissal order unless a party files a verified motion to reinstate within that thirty-day period. *McConnell*, 800 S.W.2d at 194; *Butts*, 705 S.W.2d at 697.

### B. Finality of the Dismissal Order

To be final, a judgment must dispose of all issues and parties in a case. *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). When a trial court renders a judgment not intrinsically interlocutory in character in a case regularly set for conventional trial on the merits, we presume for appellate purposes the trial court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between the parties. *Aldridge*, 400 S.W.2d at 897–98. This rule is subject to an exception in those cases where the judgment dismisses the case for want of prosecution. *Aldridge*, 400 S.W.2d at 897.

Where the court dismisses the plaintiff's suit and does not refer to or mention the defendant's cross action, the judgment does not dispose of the cross action, expressly or by implication, and is therefore not a final judgment as will authorize an appeal from it. *See Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377, 378 (1941).

### C. Workers' Compensation Subrogation

A claim for recoupment of compensation is a derivative cause of action under article 8308–4.05(b). *See* TEX.REV.CIV.STAT.ANN. art. 8308–4.05(b) (Vernon Supp.1992). The recoupment depends upon the injured employee's recovery of damages from injuries sustained because of the act or omission of a third party. *Yeary v. Hinojosa*, 307 S.W.2d 325, 332 (Tex.Civ.App.—Houston

[1st Dist.] 1957, writ ref'd n.r.e.). There is but one cause of action against the third-party tortfeasor. *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 246 S.W.2d 865, 868 (1952). No cause of action exists in favor of the injured employee except for the damages, if any, suffered in excess of the amount of compensation insurance collected by the employee. *Fort Worth Lloyds*, 246 S.W.2d at 868. That cause of action is that of the employee, who owns it burdened by the insurance carrier's right to recover the compensation it paid the employee. *Fort Worth Lloyds*, 246 S.W.2d at 868; *Phennel v. Roach*, 789 S.W.2d 612, 615 (Tex.App.—Dallas 1990, writ denied); *Evans v. Venglar*, 429 S.W.2d 673, 675 (Tex.Civ.App.—Corpus Christi 1968, no writ).

### THE MAJORITY'S CONCLUSIONS

The majority, while recognizing the derivative nature of the carrier's subrogation claim, observes that it is well established that the Workers' Compensation Act authorizes the carrier to bring suit against the third-party tortfeasor without joining the employee. *See Watson v. Glens Falls Ins. Co.*, 505 S.W.2d 793, 796 (Tex.1974). Thus, the majority observes that National Union could have asserted its subrogation claim against relators even in the absence of a suit by the Schmidts.

The majority concludes that the dismissal order is at best ambiguous in its treatment of National's subrogation claim. The majority uses this conclusion to dispose of this Court's holding in *Phennel*. The majority then notes that because the order is a dismissal for want of prosecution, there is no presumption that the trial court disposed of the subrogation claim. Without analysis, the majority then concludes that because of its first two conclusions, National's claim is transformed from a subrogation claim, which is wholly derivative in nature, to an affirmative counterclaim or cross action.[1] I cannot agree with the majority's suppositions or conclusions.

---

1. To bolster its conclusion that the alleged ambiguity in the order transforms National's claim from a derivative action to an affirmative cross action, the majority relies on two summary judgment cases from this Court. The majority

observes this Court declined to construe "ambiguous" summary judgment orders as final. A careful reading of both of these cases reveals that this Court did not characterize either order

## DERIVATIVE NATURE OF THE SUBROGATION CLAIM

National intervened in the Schmidts' action against Macarangal and Metro. National claimed subrogation rights to the Schmidts' causes of action against relators for the workers' compensation benefits National Union paid to Mr. Schmidt. *See* TEX. REV.CIV.STAT.ANN. art. 8308–4.05(b) (Vernon Supp.1992). National's claim is wholly derivative of the Schmidts' claim against Macarangal and Metro. *Fort Worth Lloyds,* 246 S.W.2d at 868; *Phennel,* 789 S.W.2d at 615; *City of Houston v. Twin City Fire Ins. Co.,* 578 S.W.2d 806, 808 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). National's claim for recoupment of compensation benefits paid to the Schmidts depends upon the Schmidts' recovery from relators. *Yeary,* 307 S.W.2d at 332. There is but one cause of action against relators—that of the Schmidts, who own it burdened by National's right to recoup compensation paid. *Fort Worth Lloyds,* 246 S.W.2d at 870; *Phennel,* 789 S.W.2d at 615; *Evans,* 429 S.W.2d at 675.

Rule 165a(3) required the Schmidts to file a verified motion to reinstate within thirty days after the court signed the dismissal order. *See* TEX.R.CIV.P. 165a(3). If a party seeking reinstatement does not file a verified motion within thirty days of the dismissal order, the trial court's jurisdiction to reinstate the case expires. *McConnell,* 800 S.W.2d at 194; *Butts,* 705 S.W.2d at 697.

In this case, the trial court signed the dismissal order on December 31, 1991. The thirty-day period required by rule 165a(3) ended January 30, 1992. The Schmidts did not file their verified amended motion to reinstate until February 14, 1992. The trial court's jurisdiction expired January 30, 1992.

Because the Schmidts did not follow rule 165a(3), and because National's claim for recoupment of workers' compensation benefits was a derivative claim dependent upon the Schmidts' recovery, the Schmidts' failure to follow the rule was fatal to National's subrogation suit. I would hold that the trial court's December 31, 1991 dismissal order was a final order disposing of Schmidts' personal injury claim and National's derivative subrogation claim.

## AUTHORITIES ARE DISTINGUISHABLE

The majority relies upon *Massey* and *Legrand v. Niagara Fire Insurance Co.,* 743 S.W.2d 241 (Tex.App.—Tyler 1987, no writ), to support its conclusions. The respondent and the real parties in interest also rely on *Legrand* and *Tramco Enterprises, Inc. v. Independent American Savings Ass'n,* 739 S.W.2d 944 (Tex.App.—Fort Worth 1987, no writ), to support their contentions. In my view, *Massey, Legrand,* and *Tramco* are all distinguishable.

In *Massey,* both the intervenors and the defendants filed cross actions for affirmative relief. The trial court dismissed the plaintiff's cause of action for want of prosecution. Subsequently, a new judge reinstated the case on the docket. Both the dismissal and reinstatement orders were entered without notice to the parties or their attorneys. On appeal, the *Massey* defendants contended that the reinstatement order was void because the trial court signed it more than thirty days after entry of the order of dismissal. The *Massey* court held that the original dismissal order was interlocutory because it did not dispose of all the parties and issues pending before the court. The court reached this conclusion because there were affirmative cross actions pending. The *Massey* court relied on *Davis* and *Barrier v. Lowery,* 118 Tex. 227, 13 S.W.2d 688 (1929) (on reh'g), to support this conclusion.[2] *Massey* differs from this case because independent cross actions were pending in *Massey* rather than a purely derivative action as in this case.

In *Legrand,* Legrand sued an insurance company, her former husband, and the partners of the agency that issued the poli-

---

as ambiguous, nor did the court render any decision that lack of finality of the orders was because of ambiguity. *See McClennahan v. First Gibraltar Bank, F.S.B.,* 791 S.W.2d 607 (Tex. App.—Dallas 1990, no writ); *Sakser v. Fitze,* 708 S.W.2d 40 (Tex.App.—Dallas 1986, no writ).

2. *Davis* and *Barrier* were also cases where affirmative cross actions were pending. *See Davis,* 150 S.W.2d at 377; *Barrier,* 13 S.W.2d at 688.

cy. Legrand's former husband filed a cross action against the insurance company and the partners. The district court sent a notice to Legrand's former attorney of the court's intention to dismiss her suit against the insurance company and the others for want of prosecution. Legrand and her former husband's attorney did not receive the notice, nor did the court inform the attorney of the later dismissal order. Some months later, the attorney learned of the dismissal of Legrand's suit against the insurance company. The court's judgment dismissing the suit stated: "The above styled and numbered cause is hereby dismissed for want of prosecution." That judgment made no reference to the ex-husband's cross action.

The *Legrand* court held that the dismissal order was not a final judgment. The *Legrand* court held that the presumption of finality did not apply to this dismissal order. Because the order did not refer to or mention the ex-husband's cross action, it was not final. *See Legrand,* 743 S.W.2d at 242. In *Legrand,* as in *Massey,* the cross action was not a derivative subrogation claim but an independent cross action. In my view, this factor makes the holdings of *Legrand* and *Massey* inapplicable to this case.

In *Tramco,* the trial court entered a dismissal with prejudice on the claims of the opposing parties in the main lawsuit. The trial court included Tramco's intervention claim in the dismissal. Tramco's intervention was an independent action by Tramco against parties over the foreclosure of a deed of trust covering a construction site. Tramco's intervention action was not a derivative suit like National's in this case. Tramco filed a writ of error to set aside the trial court's dismissal order. In my view, *Tramco* does not offer support for the respondent's position that the dismissal order is not a final judgment.

I would grant the writ. Because the majority declines to do so, I respectfully dissent.