Thomas Odell OWEN, Appellant,

v.

Jerry HODGE, Norma June Hodge, and Clifford W. Aston, Appellees.

No. 01–93–00970–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 7, 1994.

John E. Wright, Huntsville, for appellant.

Andrew D. Sims/Tankersley, Fort Worth, for appellees.

Before WILSON, COHEN and ANDELL, JJ.

## OPINION

WILSON, Justice.

Appellant, Thomas Odell Owen, appeals the trial court's order dismissing his lawsuit for want of prosecution. Appellee Jerry Hodge [1] (appellee) has filed both a brief and a motion to dismiss for want of jurisdiction, in which he seeks damages under TEX. R.APP.P. 84. We dismiss for want of jurisdiction.

### Factual and procedural background

On October 4, 1988, appellant filed a breach of contract lawsuit against appellees. On July 6, 1993, the trial court dismissed the lawsuit for want of prosecution, pursuant to TEX.R.CIV.P. 165a.

On July 22, 1993, appellant filed an unverified motion to reinstate dismissed cause, in which he noted that two days before the lawsuit was dismissed, his lawyer suffered a severe injury that required surgery. On August 11, appellee filed a response, in which he noted that appellant's motion to reinstate was not verified, as required by TEX.R.CIV.P. 165a(3). Appellee argued that the trial court had no jurisdiction to reinstate the case.

On August 13 (38 days after the trial court entered its order dismissing the case), appellant filed a verified motion for leave to supplement his motion to reinstate. On August 16, the trial court held a hearing on appellant's motion to reinstate. The trial court denied the motion on jurisdictional grounds, but noted that "the reinstatement probably should have been granted if the Court had jurisdiction to do so...." Because the trial court believed it did not have jurisdiction, it refused to hear arguments regarding the merits of appellant's motion to reinstate.

### Trial court's jurisdiction to reinstate

■ Appellant asserts on appeal that the trial court had jurisdiction to consider his motion to reinstate because he verified his motion to reinstate within 75 days of the trial court's signing of the order of dismissal.

"A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed...." TEX.R.CIV.P. 165a(3). Thus, a proper motion to reinstate must be verified and filed with the clerk within 30 days of the signing of the order of dismissal. *McConnell v. May,* 800 S.W.2d 194, 194 (Tex. 1990). In *McConnell,* the plaintiff filed a timely but unverified motion to reinstate. The trial court granted the motion. The supreme court held that because the plaintiff did not file a verified motion to reinstate within 30 days of the signing of the order of dismissal, the trial court's jurisdiction to re-

---

1. The appellees are Jerry Hodge, Norma Hodge, and Clifford W. Aston. Only Jerry Hodge has filed a brief.

instate the case expired, and the trial court abused its discretion by granting the motion. *Id.*

Appellant asserts that pursuant to *McConnell,* a trial judge may not grant a motion to reinstate that is *never* verified; he argues, however, that *McConnell* is inapplicable to a situation in which the motion to reinstate is verified more than 30 days but less than 75 days after the order of dismissal. We disagree.

■ A timely and proper motion to reinstate extends the trial court's plenary jurisdiction until 30 days after the motion to reinstate is overruled. *McConnell,* 800 S.W.2d at 194; *Macarangal v. Andrews,* 838 S.W.2d 632, 633 (Tex.App.—Dallas 1992, orig. proceeding). An unverified motion to reinstate does not extend the trial court's plenary jurisdiction. *McConnell,* 800 S.W.2d at 194; *Macarangal,* 838 S.W.2d at 633. In the absence of a verified motion to reinstate, the trial court's plenary jurisdiction expires 30 days after the date on which it signed the final order of dismissal. *Macarangal,* 838 S.W.2d at 633. Here, appellant filed an unverified motion to reinstate on July 22, well within 30 days of the July 6 order; he did not, however, file his verified motion for leave to supplement his motion to reinstate until *38 days* after the trial court entered its order dismissing the case. We find that the trial court's plenary jurisdiction expired on August 5, 1993, and that appellant's verified motion for leave to supplement his motion to reinstate, filed August 11, was filed after the trial court's plenary jurisdiction had expired. Appellant's first point of error is overruled.

■ In his second point of error, appellant asserts the trial court erred in overruling his motion to reinstate because any failure to prosecute was due to injuries suffered by his attorney. However, the trial court did not have jurisdiction to consider the untimely verified motion filed on August 6, regardless of the merits of appellant's plea. Appellant's second point of error is overruled.

### Appellee's motion to dismiss for want of jurisdiction

Appellee asks this Court to dismiss this appeal for want of jurisdiction, and asks for damages pursuant to Tex.R.App.P. 84. Appellee asserts that appellant did not timely file his cost bond and did not perfect his appeal. Appellant filed his cost bond on October 4, 1993—90 days after the trial court entered its order dismissing the lawsuit.

### 1. Jurisdiction

■ The filing of a motion to reinstate has the same effect as a motion for new trial with respect to extending the time for perfecting an appeal to within 90 days after the order of dismissal is signed. *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986). However, an unverified motion to reinstate, even if filed with the trial court within 30 days of the signing of the order of dismissal, will not extend the time for perfecting an appeal. *Id.*

Because he did not file a timely verified motion for reinstatement, appellant had until August 5, 1993, to file a cost bond. He filed the bond 90 days after the order of dismissal was signed. The time period for filing a cost bond is jurisdictional. *Young v. Kilroy Oil Co.,* 673 S.W.2d 236, 242 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). This Court does not have authority to entertain an appeal when the appellant has not timely perfected the appeal.

### 2. Damages

■ Appellee also seeks damages under Tex.R.App.P. 84, which provides that in civil cases, where the court of appeals determines that an appellant has taken an appeal for delay and without sufficient cause, it may award damages to each prevailing appellee.

■ In determining whether such damages are appropriate, this Court must review the record from the advocate's point of view at the time the appeal is taken in order to determine if reasonable grounds existed to believe the case should be reversed. *Hicks v. Western Funding, Inc.,* 809 S.W.2d 787, 788 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Four factors that tend to indicate an appeal was filed for delay and without sufficient cause are: (1) the absence of a statement of facts; (2) the unexplained fail-

ure to file a motion for new trial when it is required to successfully assert factual insufficiency on appeal; (3) a poorly written brief raising no arguable points of error; and (4) the appellant's unexplained failure to appear at oral argument. *Id.* Appellant filed a statement of facts and his lawyer appeared at oral argument. The fact that appellant did not prevail on appeal does not mean he failed to raise arguable points of error in his brief.

We grant appellee's motion to dismiss for want of jurisdiction. We overrule appellee's request for rule 84 damages.