Salma DARDARI, Appellant,

v.

TEXAS COMMERCE BANK NATIONAL ASSOCIATION, Appellee.

No. 01–96–00435–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 11, 1997.

W. Briscoe Swan, Bellaire, for appellant.

Maureen A. Warton, Houston, for appellee.

Before NUCHIA, TAFT and BASS,[1] JJ.

1. The Honorable Sam Bass, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

## OPINION

NUCHIA, Justice.

Appellant, Salma Dardari, appeals a take-nothing summary judgment rendered in favor of appellee, Texas Commerce Bank National Association (TCB). Appellant's suit against appellee, stemming from a garnishment proceeding, alleged wrongful garnishment, conversion, and breach of fiduciary duty. The trial court granted summary judgment for TCB. On appeal, appellant argues the trial court erred in rendering summary judgment in favor of TCB. We affirm.

### Facts

In January 1990, Farouk Hubbi, along with his attorney, Samir Houssery, obtained a judgment against appellant's brother, Salem Attar. Hubbi filed an application for writ of garnishment and had the writ served on TCB, which had in its possession Attar's safe deposit box containing Attar's personal property. The same safe deposit box also contained some personal property belonging to appellant.

In February 1990, TCB as garnishee, filed a third-party petition alleging that its liability to Hubbi was limited to the accounts and the contents of the safe deposit box belonging to Attar. In April 1990, appellant intervened in the garnishment action in an effort to protect her property in Attar's safe deposit box.

On April 30, 1991, the garnishment proceeding was placed on the dismissal docket. On May 15, 1991, the garnishment was dismissed for want of prosecution. The dismissal order in the record makes no reference to any parties intended to be affected. The order, titled "Order of Dismissal," simply states that the cases listed on the following pages are dismissed for want of prosecution. The following pages referenced in the Order of Dismissal consists of a computer docket sheet containing the case name of "Hubbi, Farouk v. Texas Commerce Bank." There is no mention of the intervenor, Salma Dardari. On May 21 and May 23, Hubbi

filed unverified motions to reinstate the garnishment. On June 28, 1991, the trial court reinstated the case. On March 2, 1992, the case was tried before the court. The trial court rendered judgment, awarding the contents of the safe deposit box to plaintiff, Hubbi, and ordering that appellant take nothing.

In March 1994, appellant filed suit against Houssery, Hubbi, and TCB alleging conversion, wrongful garnishment, and breach of fiduciary duty.[2] TCB filed a motion for summary judgment arguing that the prior garnishment proceeding precluded appellant's subsequent suit based on the affirmative defenses of res judicata and collateral estoppel. Without specifying the grounds, the trial court granted TCB's motion for summary judgment.

## Standard of Review

In a motion for summary judgment, the movants have the burden of showing there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). If a defendant moves for summary judgment based on an affirmative defense, the defendant's burden is to conclusively prove all the elements of the affirmative defense as a matter of law. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Fernandez v. Memorial Healthcare Sys., Inc.,* 896 S.W.2d 227, 230 (Tex.App.—Houston [1st Dist.] 1995, writ denied). On appeal, all evidence favorable to the nonmovant will be taken as true and every reasonable inference indulged in the nonmovant's favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). If the trial court does not specify the grounds upon which summary judgment was granted, appellate courts must affirm the judgment if any theory advanced by appellees in their summary judgment motion is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

In one general point of error, appellant argues the trial court erred in granting TCB's motion for summary judgment. Appellant contends the judgment rendered in the garnishment proceeding is void because Hubbi failed to file a verified motion to reinstate within 30 days of the dismissal. According to appellant, the trial court lacked jurisdiction to reinstate the case; therefore, the doctrines of res judicata and collateral estoppel are inapplicable in the present suit. TCB argues that appellant's collateral attack on the garnishment judgment is impermissible. In addition, TCB argues that the dismissal order signed by the trial court on May 15, 1991, was interlocutory because it did not dispose of appellant's claim in intervention. Therefore, because the order of dismissal was not final, the trial court retained its jurisdiction to reinstate the case pursuant to an unverified motion.

## Dardari's Collateral Attack

■ Before we address the merits of appellee's affirmative defenses, we must address the threshold issue of whether appellant can collaterally attack the garnishment judgment in a subsequent proceeding. If there was no final judgment in the underlying garnishment action, TCB's affirmative defenses of res judicata and collateral estoppel are of no significance. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex. 1995).

A collateral attack, as opposed to a direct attack, does not attempt to secure a corrected judgment, rather it is an attempt to avoid the effect of a former judgment brought in a proceeding for some other purpose. *Solomon, Lambert, Roth & Assocs., Inc. v. Kidd,* 904 S.W.2d 896, 900 (Tex.App.—Houston [1st Dist.] 1995, no writ). It is permissible to collaterally attack a judgment of one court in another court of equal jurisdiction if the underlying judgment is void. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985). A judgment is void if the court rendering it has (1) no jurisdiction over the parties or property, (2) no subject matter jurisdiction, (3) no jurisdiction to enter the particular judgment, or (4) no capacity to act as a court. *Id.; see also Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990). All other nonjurisdictional errors render the judgment voidable, and

---

**2.** Dardari nonsuited Houssery and Hubbi without prejudice.

such errors must be corrected by a direct attack. *Browning,* 698 S.W.2d at 363.

Rule 165a of the Texas Rules of Civil Procedure governs the reinstatement of cases dismissed for want of prosecution. The rule requires a party seeking reinstatement to file a *verified* motion to reinstate within 30 days after the court signs the dismissal order or within the time provided by TEX.R.CIV.P. 306a. TEX.R.CIV.P. 165a(3); *see also McConnell v. May,* 800 S.W.2d 194, 194 (Tex.1990). In the absence of a verified motion to reinstate, the trial court's plenary jurisdiction expires 30 days after the date on which it signed the final order of dismissal. TEX.R.CIV.P. 165a(3); *Owen v. Hodge,* 874 S.W.2d 301, 303 (Tex.App.—Houston [1st Dist.] 1994, no writ). However, the trial court, acting within its plenary power, may reinstate a case on its own motion or at the request of a party who filed an unverified motion. *Neese v. Wray,* 893 S.W.2d 169, 170 (Tex.App.—Houston [1st Dist.] 1995, no writ).

To be final, a judgment must dispose of all issues and parties in a case. *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). There is a presumption that the trial court "intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." *Id.* at 897–98. When the case has been dismissed for want of prosecution, however, there is no presumption that the dismissal order also disposed of issues in an independent cross-action or counterclaim. *Id.* at 897; *Macarangal v. Andrews,* 838 S.W.2d 632, 634 (Tex.App.—Dallas 1992, no writ).

In *Macarangal,* our sister court was faced with an identical issue involving similar facts. The plaintiff in *Macarangal* sued the defendant for work-related injuries. *Id.* at 633. National Union intervened in the case to recover from the defendant any reimbursement it paid to the plaintiff. *Id.* The case was dismissed for want of prosecution. *Id.* Although the dismissal order's caption listed National Union as an intervenor, the text of the order contained no explicit disposition of National Union's claim. *Id.* The plaintiffs filed an unverified motion to reinstate, which

the trial court granted. *Id.* The defendant sought a writ of mandamus requiring the trial judge to vacate his reinstatement of the case, arguing that the court granted the motion outside its plenary jurisdiction. *Id.* The plaintiff argued that the order was interlocutory because it contained no specific disposition of National's plea in intervention. *Id.* The defendant argued that National's claim was entirely derivative of the plaintiff's claim; therefore, when the trial court dismissed the plaintiff's claim, it disposed of National's claim by necessary implication. *Id.* at 634.

The court denied the defendant's petition for writ of mandamus. *Id.* The court stated that the ambiguous treatment of National in the dismissal order was not sufficient to dispose of its claim. *Id.* at 635. The court further noted that National could have asserted its subrogation claim even in the absence of a claim by the plaintiff. *Id.* at 635–36. In conclusion, the court held the dismissal order was interlocutory, and the trial court retained jurisdiction to reinstate the plaintiff's claim. *Id.* at 636.

Based on the caselaw and the record before us, we conclude the trial court was within its plenary jurisdiction to retain the case on June 28, 1991, because the dismissal order of May 15, 1991, was interlocutory. Although the trial court may have intended to dispose of the claim, nothing in the record indicates that all parties and issues were disposed of by the court's dismissal order. Neither the dismissal, nor the computer docket sheet, reveal any reference to appellant's intervention claim, and there is no judicial presumption that the trial court disposed of it. *See Aldridge,* 400 S.W.2d at 897; *see also Massey v. Davis,* 650 S.W.2d 551, 554 (Tex.App.—Eastland 1983, writ ref'd n.r.e.) (trial court did not err in reinstating case beyond 30 days of dismissal because dismissal order made no mention of claim in intervention). Because the May 15, 1991, dismissal order was interlocutory, the trial court retained jurisdiction to reinstate the case on June 28, 1991. Appellant's collateral attack on the judgment therefore fails.

Because appellant cannot successfully void the garnishment action, we now determine whether the judgment in the garnishment action precludes the litigation of appellant's present claims against TCB based on res judicata or collateral estoppel.

## Res Judicata

Res judicata is an affirmative defense that may support a summary judgment if the movant conclusively proves all the elements necessary to support the defense. *Fernandez v. Memorial Healthcare Sys., Inc.*, 896 S.W.2d 227, 230 (Tex.App.—Houston [1st Dist.] 1995, writ denied). Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996).

Applying the elements of res judicata to this case, there is no valid reason to subject TCB to another suit by appellant. First, we have already determined that the previous judgment stemming from the garnishment action was rendered by a court of competent jurisdiction. Second, the parties are identical in all respects. In the garnishment action, TCB filed a third party petition to determine the limits of its potential liability to the garnishor, Hubbi. In the same suit, appellant intervened to protect her interest in the contents of the safe deposit box that was the subject of the garnishment. Finally, applying the transaction approach, appellant's claims against TCB arise out of the same transaction or occurrence that was the subject matter of the previous suit in garnishment. *See Barr*, 837 S.W.2d at 630–31. The facts and circumstances surrounding the garnishment action are identical to those that give rise to appellant's claim of wrongful garnishment and conversion.

Having determined that TCB conclusively proved the necessary elements of res judicata, the burden of going forward shifted to appellant to present sufficient evidence to create a fact issue. Appellant's opposition to the granted summary judgment was based on the argument that the judgment rendered in the garnishment proceeding was void. As set out above, we found that the dismissal order of May 15, 1991, was interlocutory and the trial court retained jurisdiction to reinstate the case. Therefore, as a matter of law, the judgment was not void. Taking all evidence favorable to the nonmovant as true and indulging every reasonable inference in favor of the nonmovant, we conclude TCB has established its right to summary judgment based on the affirmative defense of res judicata.

Finally, appellant argues that aside from TCB's affirmative defense, the final judgment rendered in the garnishment action did not apply to appellant's property. Appellant recognizes that the final judgment stated that she "take nothing"; however, she argues this language only applied to her claim in intervention, and was not effective to grant Hubbi her property in the safe deposit box. Appellant's claim is another collateral attack on the trial court's judgment. In the proceedings below, appellant subjected herself and her property to the jurisdiction of the trial court. Because we found the trial court's judgment was not void, appellant's collateral attack fails.

We overrule appellant's sole point of error and affirm the trial court's rendition of summary judgment in favor of appellee, TCB.