Dismissed and Memorandum Opinion filed May 25, 2006









Dismissed and Memorandum Opinion filed May 25, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00361-CR

____________

 

STEPHEN E.
CROES, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
County Criminal Court at Law No. 5

Harris County,
Texas

Lower Court Cause No. 5465

 



 

M E M O R A N D U M   O P I N I O N








After a bench trial in municipal court, on April 18, 2005,
appellant was convicted of speeding and assessed a fine in the amount of $150.[1]  On June 3, 2005, the municipal court denied
appellant=s motion for new trial.  Appellant then appealed to the County
Criminal Court at Law.  See Tex. Gov=t Code Ann. ' 30.00014(a) (Vernon 2004).  By order signed February 21, 2006, the county
court affirmed the municipal court=s judgment.  Appellant did not file his notice of appeal
from the county court=s judgment until more than thirty days later, on April 24,
2006.[2]  See Tex.
Gov=t Code Ann. ' 30.00027(a) (Vernon 2004) (granting
the right to appeal to the court of appeals if the fine assessed exceeds
$100).  

A defendant=s notice of appeal must be filed within thirty days after the
court enters an appealable order.  See
Tex. R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
Id.

Appellant filed a pro se response to this court=s notice of our intention to dismiss
the appeal for want of jurisdiction. 
Appellant=s only cited authority does not support his contention that
his appeal was timely perfected.  See
Owen v. Hodge, 874 S.W.2d 301, 303 (Tex. App.CHouston [1st Dist.] 1994, no writ)
(holding that an unverified motion to reinstate does not extend the time for
perfecting an appeal from an order dismissing for want of prosecution).  

Because appellant=s notice of appeal was untimely, we
lack jurisdiction over the appeal. 
Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 25, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman. 

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]   Trial was
held in cause number 09752430-5-1 in the City of Houston Municipal Court No. 7,
a municipal court of record.  See Tex. Gov=t Code Ann. ' 30.00003 (Vernon 2004).





[2]  Appellant=s notice of appeal is dated March 15, 2006.  The envelope in which the notice was mailed
is included in our record, and it bears a postmark of April 20, 2006.  Accordingly, the mailing rule will not
operate to render the notice of appeal timely. 
See Tex. R. App. P. 9.2(b).