ACCEPTED
05-17-00161-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/31/2018 10:22 AM
LISA MATZ
CLERK



# IRELAN McDANIEL
## PLLC

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
01/31/2018 10:22:39 AM
LISA MATZ
Clerk

Jeremy T. Brown
Shareholder
214.237.2996 (Direct)
jbrown@IMTexasLaw.com

January 31, 2018

*Via Electronic Filing*
Honorable Elizabeth Lang-Miers
Honorable Robert M. Fillmore
Honorable Craig Stoddart
**FIFTH COURT OF APPEALS**
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, Suite 200
Dallas, TX 75202

Re:   Court of Appeals Number: 05-17-00161-CV
      Trial Court Case Number: DC-15-06391
      Style: *Sky Group, LLC, Willie James Haynes, II, and Brita Michelle Haynes v. Vega Street 1, LLC, Vega Street 2, LLC, and Vega Street 3, LLC* (the "Appeal")

Dear Justices Lang-Miers, Fillmore, and Stoddart:

By letter dated January 18, 2018, the Honorable Court requested Appellants Sky Group, LLC, Willie James Haynes, II, and Brita Michelle Haynes to prepare a letter briefing this Court's jurisdiction over the Appeal. After review of authorities in connection with a review of the trial court's order for summary judgment, it appears this Court lacks jurisdiction over this Appeal.

Under the standard established by the Texas Supreme Court, "when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it *actually disposes* of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (emphasis added). "[I]f the records reveals the existence of parties or claims not mentioned in the order, the order is not final." *Id.* at 206. There is no presumption of finality following a summary judgment. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005). Language indicating a party is entitled to enforcement of the judgment does not necessarily indicate finality, if the judgment does not actually dispose of all claims in the matter. *See id.* at 830 (noting that, among other things, although the judgment had language for enforcement, it did not actually dispose of a party's claim for punitive damages and the judgment was not final).

As this Court has observed, the summary judgment in this matter did not actually dispose of Appellees' claim for fraud. The concluding paragraph of the summary judgment contains an ambiguous sentence providing "[a]ll other relief requested, but other specifically granted [sic] by this Final Summary Judgment, is hereby DENIED." (CR 124). In light of the judgment's failure to dispose of the fraud claim, the preceding sentence could mean the trial merely denied summary judgment on the fraud claim, believing fact issues remained on such claim, and did not outright dismiss such claim. Appellants, to protect their potential appellate rights, were forced to brief the issue based on the ambiguity. Because judgments must be read in light of the importance of preserving a party's right to properly appeal the claims against it, the proper course is for this Court to construe the summary judgment as merely denying the claim for fraud, leaving facts open to be decided on the fraud claim at the trial court level. *See Burlington,* 167 S.W.3d at 830. Ambiguity in summary judgments rendered before trial must be construed against finality. *See Macarangal v Andrews,* 838 S.W.2d 632, 635 n. 3 (Tex. App.—Dallas 1992, orig. proceeding) (noting that the Dallas Court of Appeals, in cases involving summary judgments, declines to construe ambiguous orders as final).

Appellants therefore request that this Court dismiss the Appeal, and remand this matter to the trial court for consideration as to whether the fraud claim was dismissed or denied.

Respectfully submitted,

Jeremy T. Brown

JB/jhm