ANR PRODUCTION CO., Appellant,

v.

AMERICAN GUARANTEE & LIABILITY INSURANCE CO.; Gulsby Engineering, Inc.; and Jerry G. Gulsby, Appellees.

No. 01–97–00033–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 9, 1998.

T. Michael Neville, Gregory M. Cokinos, Houston, for appellant.

Byron G. Lee, Carol Patrica Keough, Houston, for appellees.

Before Justices O'CONNOR, TAFT, and SMITH.*

## OPINION ON REHEARING

O'CONNOR, Justice.

ANR Production Company (ANR), the appellant here and plaintiff below, appeals from a summary judgment granted against it in a suit it filed against the appellees and defendants below, American Guarantee & Liability Insurance Co. (AGLI), Gulsby Engineering, Inc., and Jerry Gulsby (collectively, Gulsby). We deny ANR's motion for rehearing, withdraw our opinion of July 16, 1998, and substitute this in its stead. We affirm.

### Background

ANR and Gulsby contracted to have Gulsby install a "debottlenecking" process in ANR's natural gas plant. After the process was installed, Ortloff Engineers demanded royalty fees from ANR, claiming that the debottlenecking process Gulsby installed in ANR's plant was Ortloff's design and infringed on Ortloff's patent rights.

ANR settled with Ortloff and sued Gulsby in state court to recover the settlement amount under an indemnity provision in their contract. Gulsby made demand on its insurance carrier, AGLI, to defend Gulsby against the suit. AGLI refused, claiming the suit was outside the coverage of Gulsby's insurance policy. ANR settled its suit with Gulsby for $180,000 and an assignment of Gulsby's claims against AGLI.

After it settled with ANR, Gulsby sued AGLI for (1) breach of contract, (2) unfair insurance practice,[1] (3) violations of the Deceptive Trade Practices Act (the DTPA),[2] and (4) breach of the duties of good faith and fair dealing (the first suit). AGLI removed the lawsuit to federal court and moved for summary judgment. In its motion, AGLI claimed it had no duty to defend or indemni-

fy Gulsby under the policy because (1) ANR's suit against Gulsby had not alleged bodily or personal injury, property damage, or an occurrence within the policy period, (2) ANR's claims were not covered by and did not fall into the definition of advertising injury under the policy, and (3) all losses incurred by ANR were pecuniary and were outside the scope of the policy.

ANR sought to intervene in the federal court, which AGLI opposed. Without expressly ruling on ANR's attempt to intervene, the federal court granted summary judgment for AGLI, and denied all other relief, implicitly denying ANR's attempted intervention.

ANR next filed this lawsuit against AGLI and Gulsby, claiming AGLI (1) breached its contract with Gulsby, (2) acted in bad faith, (3) violated the DTPA, and (4) violated article 21.21 of the Insurance Code (the second suit). ANR sought a declaratory judgment that it owned all of Gulsby's claims against AGLI.

AGLI filed an answer and a counterclaim. As part of its answer, AGLI pled the following affirmative defenses: (1) the allegations in ANR's suit did not fall within the policy coverage, (2) ANR's allegations fell within the exclusions of the policy, (3) AGLI owed no duty to defend or indemnify Gulsby against ANR's claims, (4) ANR's suit was barred by *res judicata*, and (5) ANR was not entitled to coverage or benefits under the policy as an assignee of Gulsby. As its counterclaim, AGLI repeated the allegations it asserted as affirmative defenses and asked for attorney's fees under the Declaratory Judgment Act.[3]

AGLI and ANR both moved for summary judgment. The trial court denied ANR's motion and granted summary judgment for AGLI. After several motions regarding attorney's fees, the trial court denied AGLI's motions for attorney's fees. In one point of error, ANR appeals the denial of its motion for summary judgment and the trial court's granting of summary judgment in favor of

---

* The Honorable Jackson B. Smith, Jr., retired justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Tex.Ins Code art. 21.21 (1998).

2. Tex Bus. & Com.Code § 17.41 (1998).

3. Tex.Civ.Prac. & Rem Code § 37.003 (1998).

AGLI. In its cross-point, AGLI appeals the denial of attorney's fees.

### Summary Judgment Standard of Review

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Phillips Natural Gas Co. v. Cardiff,* 823 S.W.2d 314, 317 (Tex. App.—Houston [1st Dist.] 1991, writ denied). In reviewing the summary judgment, we indulge every reasonable inference in favor of the nonmovant, assume all evidence favorable to the nonmovant is true, and resolve any doubts in its favor. *Johnson,* 891 S.W.2d at 644; *Cardiff,* 823 S.W.2d at 317.

When both parties file a motion for summary judgment, and one is granted and one is denied, the denial may be considered by the reviewing court if the appealing party complains of both the granting of the opponent's motion and the denial of its own motion. *Cardiff,* 823 S.W.2d at 317. We will determine all questions presented, and may reverse the trial court's judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Cardiff,* 823 S.W.2d at 317. We will affirm the summary judgment if any of the theories advanced in AGLI's motion is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Dardari v. Texas Commerce Bank,* 961 S.W.2d 466, 468 (Tex.App.—Houston [1st Dist.] 1997, no writ).

### A. Analysis of ANR's Points

In its motion for summary judgment, AGLI claimed (1) ANR had released Gulsby from all legal claims, and was barred from recovering from AGLI, (2) the assignment of claims from Gulsby to ANR was invalid and, even if valid, did not extend to bad faith claims, (3) ANR did not have standing to sue because the assignment from Gulsby was disputed, (4) ANR's suit was barred by *res judicata,* and (5) AGLI had no duty to defend or indemnify Gulsby against ANR's claims.

### 1. Duty to Defend—Advertising Injury

In subpart B to its sole point of error, ANR challenges AGLI's allegation that it had no duty to defend Gulsby because ANR's pleadings against Gulsby did not allege an advertising injury under the policy.

■ An insurer's duty to defend is determined by the "eight corners rule," which limits our review to the four corners of the insurance policy and the four corners of the plaintiff's petition. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex.1997); *Houston Petroleum Co. v. Highlands Ins. Co.,* 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ denied). When deciding a duty to defend issue, we assume the facts in the plaintiff's petition are true, and determine if they fall within the limits of the policy. *Houston Petroleum,* 830 S.W.2d at 155. If the policy is vague, it is construed against the insurer in favor of finding a duty to defend. *Id.* Any uncertainty about whether allegations in a petition state a covered cause of action is resolved in favor of the insured. *National Union,* 939 S.W.2d at 141. The duty to defend is not affected by facts learned before, during, or after the suit. *American Alliance Ins. Co. v. Frito–Lay, Inc.,* 788 S.W.2d 152, 154 (Tex.App.—Dallas 1990, writ denied). The duty is determined without reference to what the parties know the true facts to be. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.,* 387 S.W.2d 22, 24 (Tex.1965).

■ ANR's lawsuit against Gulsby alleged breach of contract, fraud, negligent misrepresentation, and violations of the DTPA. Essentially, ANR's pleadings alleged Gulsby misrepresented his ownership of the processes installed in ANR's plants. In its response to AGLI's motion for summary judgment, ANR characterized its claims against Gulsby as advertising injuries. However, the pleadings do not support that characterization.

■ "Advertising" is defined as advising, announcing, or publishing a matter to the public. *See* BLACK'S LAW DICTIONARY (6th ed.1990). It is distinguished from other forms of communication in that it calls a

matter to the public's attention. *Id; see Smith v. Baldwin,* 611 S.W.2d 611, 614 (Tex. 1980) (interpreting advertising in terms of DTPA action); *Freeman v. Greenbriar Homes, Inc.,* 715 S.W.2d 394, 397 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (same). To accept ANR's definition of advertising would mean that any time parties negotiated any kind of contract, there would be a potential for coverage under advertising injury for representations or omissions made during the negotiations.

We hold ANR's pleadings against Gulsby did not allege an advertising injury under the policy. The trial court properly granted summary judgment for AGLI on that ground. We overrule subpart B of ANR's sole point of error.

### 2. ANR's Other Issues

We do not need to reach ANR's other points challenging the summary judgment for AGLI or the order denying its cross-motion for summary judgment. Our holding under part A.1, that AGLI had no duty to defend, makes it unnecessary to consider those issues. *Carr,* 776 S.W.2d at 569; *Dardari,* 961 S.W.2d at 468.

### B. Analysis of AGLI's Cross-point

In its cross-point, AGLI argues the trial court erred in not awarding it the attorney's fees it sought under the Declaratory Judgment Act. We disagree.

In a proceeding under the Declaratory Judgment Act, a trial court may award reasonable and necessary attorney's fees. TEX.CIV.PRAC. & REM.CODE § 37.009 (1998). The award or denial of attorney's fees in a declaratory judgment action is a matter for the trial court's discretion. *Commissioners Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997); *Arthur M. Deck & Assoc. v. Crispin,* 888 S.W.2d 56, 62 (Tex.App.—Houston [1st Dist.] 1994, writ denied). We will not reverse a trial court's determination of attorney's fees absent a clear abuse of discretion. *Agan,* 940 S.W.2d at 81; *Crispin,* 888 S.W.2d at 62. A trial court's determination of attorney's fees in a declaratory judgment action is not dependent on whether a party prevailed.

*Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 618, 637 (Tex.1996).

AGLI has not shown a clear abuse of discretion in the trial court's denial of attorney's fees. The trial court was not obligated to award attorney's fees to AGLI simply because AGLI won a summary judgment against ANR. *See* TEX.CIV.PRAC. & REM.CODE § 37.009 (1998); *Barshop,* 925 S.W.2d at 637. The trial court could have concluded that the issue in this litigation could have been resolved in the suit removed to federal court if AGLI had not opposed ANR's motion to intervene in the federal lawsuit.

We overrule ANR's point of error and AGLI's cross-point regarding attorney's fees. We affirm the trial court's judgment.