NUMBER 13-98-466-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


STANLEY JOSEPH MARTINEZ, Appellant,


v.



STATE FARM LLOYDS, Appellee.

____________________________________________________________________


On appeal from the 148th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Hinojosa



 Appellant, Stanley Joseph Martinez, was sued by Sonia Cagle-Arvin, the property manager of the Riviera Condominiums, where
Martinez lived. The suit alleged various causes of action stemming
from a physical and verbal confrontation that occurred between
Martinez and Cagle-Arvin in her office at Riviera. When Martinez asked
State Farm Lloyds, Riviera's commercial general liability ("CGL")
insurance carrier to defend him, State Farm refused on the grounds
that: (1) he was not an insured and (2) the confrontation was not an
"occurrence" covered by the CGL policy. Martinez then filed a third-party action against State Farm, asserting contractual and extra-contractual claims for State Farm's refusal to defend him. Martinez's
third-party action against State Farm was eventually severed from the
Cagle-Arvin v. Martinez lawsuit.

 After successfully defending the suit brought by Cagle-Arvin,
Martinez pursued his action against State Farm. State Farm moved for,
and was granted, summary judgment on the issues of its duty to
defend, the breach of good faith and fair dealing, and breach of
contract. The trial court also sustained State Farm's motion to strike
Martinez's amended pleadings which included additional causes of
action for violations of the Texas Deceptive Trade Practices--Consumer
Protection Act (DTPA) and the Texas Insurance Code. This appeal
ensued. 

 Martinez presents the following points of error for our review:(1)

1. The trial court erred in granting State Farm Lloyd's
Motion for Summary Judgment because Stanley
Martinez was entitled to a defense by State Farm
Lloyds in the lawsuit filed against [him] by Sonia Cagle-Arvin.


2. The trial court erred in granting State Farm Lloyd's
Motion for Summary Judgment and Motion to Strike
because Stanley Martinez has causes of action against
State Farm Lloyds for breach of contract, violations of
the [DTPA and], violations of the insurance code for
State Farm Lloyd's failure to defend [him] in the lawsuit
filed against him by Cagle-Arvin.


3. The trial court erred in granting State Farm Lloyd's
Motion for Summary Judgment because Martinez was
entitled to [a] declaration under the Declaratory
Judgment Act that he is a named insured under the
policy of insurance [and] entitled to a defense.


4. The trial court erred in granting State Farm Lloyd's
Motion for Summary Judgment because a genuine
issue of material fact existed on State Farm's reliance
on policy exclusions of whether Martinez's conduct
alleged by Cagle-Arvin against Martinez was
intentional, or whether Martinez used reasonable force
in defending himself, thus entitling him to a defense
under the policy of insurance.


5. The trial court erred in granting State Farm Lloyd's
Motion for Summary Judgment because Martinez is
entitled to recover his damages for State Farm's failure
to defend and for recover[ing] his damages in having to
sue State Farm to enforce the contract and for
recover[ing his] attorney's fees and his statutory
causes of action under the [DTPA], the insurance code,
and under the Texas Declaratory Judgment Act. 


We affirm.


I. Procedural History


 Because the procedural history of this case is complicated, a brief
outline is necessary to understand the issues. Cagle-Arvin filed her
original petition against Martinez on January 22, 1996. On January 14,
1997, Martinez filed a "cross-action"(2) against State Farm, seeking a
declaratory judgment that State Farm owed him a defense under the
CGL policy. State Farm then filed special exceptions. On August 6,
1997, Martinez filed his "First Amended Cross-Action," adding causes
of action for breach of contract and breach of the duty of good faith and
fair dealing. State Farm again filed special exceptions. On December
9, 1997, the trial court granted State Farm's motion to sever this case
from the Cagle-Arvin v. Martinez case.

 On January 9, 1998, State Farm filed its first amended motion for
summary judgment on the grounds that it had no duty to defend
Martinez because, inter alia, he was not an insured under the policy,
that State Farm had not breached the contract by failing to indemnify
because there is no duty to indemnify where there is no duty to defend,
and that it owed Martinez no duty of good faith and fair dealing.

 The Cagle-Arvin v. Martinez suit was tried between January 19
and January 28, 1998. The jury rendered a verdict in favor of Martinez,
and the trial court signed a judgment in his favor on February 23, 1998.

 On March 9, 1998, Martinez filed a response to State Farm's
motion for summary judgment and argued that State Farm did have a
duty to defend him. However, he did not respond to State Farm's
claims that it had not breached the contract or the duty of good faith
and fair dealing. On that date, Martinez also filed an amended petition
adding new causes of action against State Farm for violations of the
DTPA and insurance code. On April 7, 1998, State Farm filed special
exceptions to Martinez's latest petition. State Farm filed a reply to
Martinez's response in which it again argued that it had no duty to
defend Martinez in the Cagle-Arvin v. Martinez suit.

 On April 24, 1998, the trial court heard the motion for summary
judgment. On April 29, 1998, the trial court signed an order granting
the motion in favor of State Farm as to its duty to defend and against
Martinez on his causes of action for breach of contract and breach of
the duty of good faith and fair dealing.

 State Farm's motion for summary judgment did not address the
causes of action for violations of the DTPA and insurance code which
Martinez added in the amended petition he filed on March 9, 1998. On
May 15, 1998, the trial court conducted a hearing and sustained State
Farm's special exceptions to the amended petition Martinez filed on
March 9.

 On June 24, 1998, Martinez filed his "First Amended Petition,"
alleging causes of action for breach of the duty of good faith and fair
dealing, breach of contract, and violations of the DTPA and insurance
code, and seeking a declaratory judgment as to his rights under the CGL
policy. This petition contains ten allegations of alleged insurance code
and DTPA violations. On July 1, 1998, State Farm filed an amended
motion to strike, alleging the amended pleading still failed to be specific
enough about the alleged insurance code and DTPA violations. On
August 3, 1998, the trial court heard State Farm's amended motion to
strike, granted the motion, and "dismisse[d] with prejudice plaintiff
Stanley Martinez's causes of action under the insurance code and
DTPA." A "Final Judgment," dated November 9, 1998, denied State
Farm's motion for summary judgment on attorney's fees and costs,(3)
and states, "all relief not granted in this order or in prior orders is
denied."

II. Standard of Review


 Summary judgment is designed to eliminate unmeritorious claims
or untenable defenses. Turner v. Richardson Indep. Sch. Dist., 885
S.W.2d 553, 557 (Tex. App.--Dallas 1994, no writ). The purpose of the
summary judgment rule is not to provide either a trial by deposition or
a trial by affidavit, but to provide a method of summarily terminating a
case when it clearly appears that only a question of law is involved and
that no genuine issue of material fact remains. Gaines v. Hamman, 163
Tex. 618, 626, 358 S.W.2d 557, 563 (1962). When reviewing a
summary judgment, an appellate court must follow these well-established rules:

(1) the movant has the burden of showing that there is no
genuine issue of material fact and that it is entitled to
judgment as a matter of law;

 

(2) in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and 


(3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts must be resolved in
favor of the nonmovant.


American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); see also Tex. R. Civ. P. 166a. 

 When the defendant moves for summary judgment, the motion is
properly granted only if the plaintiff cannot, as a matter of law, succeed
upon any theory pleaded. Delgado v. Burns, 656 S.W.2d 428, 429 (Tex.
1983). A defendant's motion for summary judgment should be granted
if he disproves at least one essential element of each of the plaintiff's
causes of action, or if he establishes all the elements of an affirmative
defense as a matter of law. Grinnell, 951 S.W.2d at 425; Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Randall's
Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 
Whether an insurance carrier owes a duty to defend under an insurance
policy is a question of law that the appellate court reviews de novo. St.
Paul Ins. Co. v. Texas Dept. of Transp., 999 S.W.2d 881, 884 (Tex.
App.--Austin 1999, pet. denied). 

 Once the movant establishes its right to summary judgment as a
matter of law, the burden shifts to the nonmovant to offer any issue or
evidence that would preclude summary judgment. City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). When a
defendant moves for summary judgment, a plaintiff can bar summary
judgment by presenting evidence that creates a fact question on those
elements of the plaintiff's case under attack by the defendant or on at
least one element of each affirmative defense advanced by the
defendant. Torres v. Western Casualty & Sur. Co., 457 S.W.2d 50, 52
(Tex. 1970). Alternately, the plaintiff can defeat the motion by
conceding that the material facts are undisputed, but convincing the
court that the defendant's legal position is unsound. Estate of Devitt,
758 S.W.2d 601, 601 (Tex. App.--Amarillo 1988, writ denied). If a
summary judgment is granted generally, without specifying the reason,
it will be upheld if any ground in the motion for summary judgment can
be sustained. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); 
Weakly v. East, 900 S.W.2d 755, 758 (Tex. App.--Corpus Christi 1995,
writ denied); Benavides v. Moore, 848 S.W.2d 190, 192 (Tex.
App.--Corpus Christi 1992, writ denied). 

III. The Duty to Defend


 An insurer's duty to defend a claimant is analyzed under the "eight
corners" rule by looking at the allegations in the plaintiff's pleadings
and the language of the insurance policy. National Union Fire Ins. Co.
v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997). 
An insurer has no duty to defend its insured against a suit in which the
petition does not allege facts within the scope of coverage. Id. at 141;
American Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842, 848 (Tex.
1994). When applying this rule, we give the allegations in the pleadings
a liberal interpretation:

Where the complaint does not state facts sufficient to clearly
bring the case within or without the coverage, the general
rule is that the insurer is obligated to defend if there is,
potentially, a case under the complaint within the coverage
of the policy. Stated differently, in case of doubt as to
whether or not the allegations of a complaint against the
insured state a cause of action within the coverage of a
liability policy sufficient to compel the insurer to defend the
action, such doubt will be resolved in the insured's favor.


National Union Fire Ins., 939 S.W.2d at 141 (citing Heyden Newport
Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22, 26 (Tex. 1965)). 
Any vagueness in the insurance contract must be interpreted against
the insurer, and in favor of finding a duty to defend. ANR Prod. Co. v.
American Guarantee & Liab. Ins. Co., 981 S.W.2d 889, 891 (Tex.
App.--Houston [1st Dist.] 1998, no pet.). In determining whether the
claims alleged in the pleadings are covered by the policy, we must take
the facts alleged in the petition as true. Id. A plaintiff's label for its
cause of action is not dispositive; the facts alleged control. National
Union Fire Ins. Co., 939 S.W.2d at 141-42.

 This Court has held that evidence extrinsic to the "eight corners"
may be considered in very limited circumstances:

Where the insurance company refuses to defend its insured
on the ground that the insured is not liable to the claimant,
the allegations in the claimant's petition control, and facts
extrinsic to those alleged in the petition may not be used to
controvert those allegations. But, where the basis for the
refusal to defend is that the events giving rise to the suit are
outside the coverage of the insurance policy, facts extrinsic
to the claimant's petition may be used to determine whether
a duty to defend exists.


Gonzales v. American States Ins. Co. of Tex., 628 S.W.2d 184, 187
(Tex. App.--Corpus Christi 1982, no writ)(emphasis in original). See
Mid-Continent Cas. Co. v. Safe Tire Disposal Co., 16 S.W.3d 418, 421
(Tex. App.--Waco 2000, pet. filed); Guaranty Nat'l Ins. Co. v. Vic Mfg.
Co., 143 F.3d 192, 194-95 (5th Cir. 1998) (to the extent that plaintiff's
pleadings are incomplete, extrinsic evidence may be used to determine
if coverage exists) (citing Gonzalez, 628 S.W.2d at 187); State Farm Fire
& Cas. Co. v. Wade, 827 S.W.2d 448, 452 (Tex. App.--Corpus Christi
1992, writ denied) (where petition in underlying case did not allege
facts sufficient for a determination of whether those facts, even if true,
were covered by the policy, extrinsic evidence may be adduced); Cook
v. Ohio Cas. Ins. Co., 418 S.W.2d 712, 715-16 (Tex. Civ.
App.--Texarkana 1967, no writ) (extrinsic evidence allowed to show
automobile involved in accident was excluded from coverage);
International Serv. Ins. Co. v. Boll, 392 S.W.2d 153, 161 (Tex. Civ.
App.--Houston [1st Dist.] 1965, writ ref'd n.r.e.) (extrinsic evidence
allowed to show person involved in accident was excluded from policy). 
Thus, we may consider evidence extrinsic to the "eight corners" on the
issue of whether Martinez was insured under the policy, but not on the
issue of whether Martinez was liable to Cagle-Arvin for the injuries she
claimed she received in her confrontation with Martinez.

IV. Summary Judgment Evidence


A. Cagle-Arvin's Petition -- The First Four Corners 


 In her original petition, Cagle-Arvin alleged that on April 1, 1995,
while she was employed as the property manager for the Riviera
Condominiums, Martinez, a resident of the condominiums, entered her
office and verbally and physically assaulted her, yelling and cursing at
her, throwing her into a filing cabinet, pulling her across a desk,
shoving her into a door jamb and knocking her to the ground. She
alleged she sustained physical injuries and other damages as a result
of Martinez's wrongful actions. She alleged two causes of action: 
intentional tort and "malice." In her first amended petition, she alleged
the same facts, but asserted claims of assault, false imprisonment, and
intentional infliction of emotional distress.

B. The CGL Policy -- The Second Four Corners


 The relevant portions of the CGL policy purchased by Riviera
states:SECTION II - WHO IS AN INSURED


1. If you are designated in the Declarations as :

 

* * * * * 



 c. An organization other than a partnership or joint
venture, you are an insured. Your executive
officers and directors are insureds, but only with
respect to their duties as your officers or
directors.


* * * * *



2. Each of the following is also an insured:


 a. Your employees, other than your executive
officers, but only for acts within the scope of their
employment by you.


* * * * *



 b. Any person (other than your employee), or any
organization while acting as your real estate
manager.


In the "Texas Commercial Package Policy Common Policy Declarations,"
Riviera Condominiums of Corpus Christi is the named insured. An
endorsement to the policy states: 

WHO IS AN INSURED (Section II) is amended to include as
an insured each individual unit owner of the insured
condominium, but only with respect to liability arising out of
the ownership, maintenance or repair of that portion of the
premises which is not reserved for that unit owner's
exclusive use or occupancy.


C. Evidence Extrinsic to the "Eight Corners"


1. State Farm's Extrinsic Evidence


 In support of its motion for summary judgment, State Farm
attached an excerpt from the deposition of Jason Carter, the president
of Riviera's Board at the time the events in question occurred. Carter
testified that Martinez was not a member of Riviera's Board, was not
an officer of Riviera, and was not an employee of Riviera. He stated that
Martinez was "an owner . . . [who] had volunteered to look into some
vandalism and -- and repair issues."

2. Martinez's Extrinsic Evidence


a. Deposition of Jason Carter


 Martinez also attached an excerpt from the deposition of Jason
Carter. Carter testified that he had refused to sign the affidavit at the
end of his first deposition because, while it was true that Martinez was
never a Riviera executive officer or employee, he felt that his prior
testimony was "incomplete" because Martinez "was working at the
direction of the Board . . . he was acting at our behest." Carter opined
that State Farm should be defending Martinez because "he was an
agent of the Board."

b. Carter's Memo to Cagle-Arvin


 Carter wrote the following memo to Cagle-Arvin:

Mr. Martinez has offered to give his advice concerning some
maintenance and repair issues. Please arrange for Mr.
Martinez, you and me to tour the property when I return
from Chicago. Mr. Martinez will then present his
recommendations to the Board. Also, Mr. Martinez would
like for you to show him all the items that have been
vandalized. This can be done before I return. Please contact
Mr. Martinez and arrange these tours while I am in Chicago. 
Thank you.


cc: Stanley Martinez


P.S. Mr. Martinez would also like to see the engineer
drawings for the walls and the police report concerning the
vandalism.


c. Carter's Memo to Martinez


 Carter wrote the following memo to Martinez, confirming what he
had written to Cagle-Arvin:

Sonia [Cagle-Arvin] will be contacting you to arrange the
tours mentioned in the attached memo to her. I am still
looking for her resume which I have misplaced. I will share
that with you as soon as I locate it.


V. Did State Farm have a duty to defend


Martinez as an agent of the Riviera Board?



 The CGL policy clearly covers only "officers and directors" of the
condominium association with respect to their duties as officers or
directors. There is no explicit provision for coverage of agents of the
Board, or for persons volunteering their services. It is undisputed that
Martinez was not a Riviera Board member or an officer of Riviera, and
the extrinsic evidence submitted by both parties clearly shows he was
neither.

 Martinez alleges, however, that because the policy does not
specifically exclude coverage for agents of the Board, it is ambiguous
and should be construed in his favor. State Farm asserts the policy is
unambiguous, that it does not provide coverage for agents of the Board,
and that, in the alternative, a number of exclusions preclude coverage,
even if Martinez is an insured by virtue of being an agent of the Board.

 It is true, as Martinez contends, that insurance policies are strictly
construed in favor of the insured in order to avoid exclusion of coverage. 
Puckett v. U.S. Fire Ins. Co., 678 S.W.2d 936, 938 (Tex. 1984). 
However, that rule does not apply when the term in question is
susceptible of only one reasonable construction. Id. A written contract
that can be given a definite or certain legal meaning is not ambiguous. 
National Union Fire Ins. Co. v. CBI Indus., 907 S.W.2d 517, 520 (Tex.
1995); Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). Not every
difference in the interpretation of a contract or an insurance policy
amounts to an ambiguity. Forbau v. Aetna Life Ins. Co., 876 S.W.2d
132, 134 (Tex. 1994); Hofland v. La Joya Gin, Inc., 907 S.W.2d 597,
599 (Tex. App.--Corpus Christi 1995, no writ). A contract is ambiguous
when the language of a policy or contract is subject to two or more
reasonable interpretations. National Union, 907 S.W.2d at 520;
McCarthy Bros. Co. v. Continental Lloyds Ins. Co., 7 S.W.3d 725, 729
(Tex. App.--Houston [1st Dist.] 1999, no writ). 

 In construing contracts, the primary concern of the court is to
ascertain the true intention of the parties as expressed in the
instrument. Coker, 650 S.W.2d at 393; Hofland, 907 S.W.2d at 599. 
Language used by parties in a contract should be accorded its plain,
grammatical meaning unless it definitely appears the intention of the
parties would thereby be defeated. Lyons v. Montgomery, 701 S.W.2d
641, 643 (Tex. 1985).

 We hold the policy is susceptible to only one reasonable
construction -- that only Riviera Board members were insureds, not
their agents. To hold otherwise would mean that the Board could add
as many people as insureds under the policy as it wished and at its sole
discretion. This is not reasonable in light of the nature of the insurance
business, i.e., assessing the risks associated with a known group of
people and/or a known property and insuring against those risks for a
certain premium. We hold Martinez was not a named insured under
the policy as an agent of the Board, and that State Farm had no duty to
defend him under the "officers and directors" provision of the policy.

VI. Did State Farm have a duty to defend


Martinez because the injury arose out of the "ownership,


maintenance or repair" of the common areas of the condominium?



 Martinez also claims coverage as an individual unit owner,
contending that, because he went to Cagle-Arvin's office to discuss
repair and maintenance issues, the injuries Cagle-Arvin received in the
ensuing scuffle "arose out of the ownership, maintenance or repair of
the common areas of the condominium." However, this contention is
without merit.

 The Cagle-Arvin petitions alleged no liability stemming from
property ownership; instead, they asserted facts supporting her causes
of action for assault, false imprisonment, and intentional infliction of
emotional distress, none of which has any connection with anyone's
ownership, maintenance or repair of the common areas of the property. 
Given their most liberal interpretation, these allegations do not suggest
Cagle-Arvin's injuries resulted from the ownership, maintenance or
repair of the common areas of the property. See National Union Fire
Ins., 939 S.W.2d at 141 (holding that a truck driver who negligently
shot someone in another vehicle was not entitled to a defense from his
automobile insurance carrier because the gunshot injuries did not
result from the "ownership, maintenance or use of a covered auto"). 
We hold that under the "eight corners" rule, there was no coverage
under this policy provision for the facts alleged in Cagle-Arvin's petition.

VII. Did State Farm have a duty to defend Martinez


because he was acting as Riviera's property manager?



 Martinez contends he was entitled to a defense from State Farm
under the provision of the policy that covered "[a]ny person (other than
your employee) . . . while acting as your real estate manager." 
However, Cagle-Arvin's petition alleges that she was the property
manager for Riviera, not Martinez. There is no allegation in either of
Cagle-Arvin's petitions that Martinez was acting as Riviera's property
manager. Martinez's summary judgment evidence fails to raise any
question of fact that he was acting as Riviera's property manager. We
hold that under the "eight corners" rule, State Farm had no duty to
defend Martinez under this provision of the policy.

 We hold, therefore, that Martinez was not an insured under the
CGL policy, and that State Farm had no duty to defend him. 
Accordingly, we overrule Martinez's first, third, and fifth points of error.

 Furthermore, because we have held that Martinez was not an
insured under the policy, we need not address Martinez's fourth point
of error, contending that he acted in self-defense rather than committing
intentional conduct excluded under the policy. Tex. R. App. P. 47.1; see
Carr, 776 S.W.2d at 569; Weakly, 900 S.W.2d at 758; Benavides, 848
S.W.2d at 192 (if a summary judgment is granted generally, without
specifying the reason, it will be upheld if any ground in the motion for
summary judgment can be sustained). 

VIII. Summary Judgment on Martinez's Claims of Breach of


the Duty of Good Faith and Fair Dealing and Breach of Contract



 In his second point of error, Martinez contends the trial court erred
in granting State Farm's motion for summary judgment on his causes
of action for breach of contract and breach of the duty of good faith and
fair dealing.

 Martinez's response to State Farm's motion for summary
judgment does not address these two causes of action. The rules of
civil procedure provide that, regarding motions for summary judgment,
"[i]ssues not expressly presented to the trial court by written motion,
answer or other response shall not be considered on appeal as grounds
for reversal." Tex. R. Civ. P. 166(c). The terms "answer" and
"response" in this rule clearly refer to the motion for summary judgment
and not to the pleadings generally; pleadings do not constitute
summary judgment proof. City of Houston, 589 S.W.2d at 678. The
written answer or response to the motion must fairly apprise the
movant and the court of the issues the non-movant contends should
defeat the motion. Id.; McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 341 (Tex. 1993).

 However, while it would be prudent and helpful to the trial court
for the non-movant always to file an answer or response, the non-movant needs no answer or response to contend on appeal that the
grounds expressly presented to the trial court by the movant's motion
are insufficient as a matter of law to support summary judgment. City
of Houston, 589 S.W.2d at 687. Summary judgments must stand or fall
on their own merits, and the non-movant's failure to answer or respond
cannot supply by default the summary judgment proof necessary to
establish the movant's right. McConnell, 858 S.W.2d at 343. 
Therefore, because Martinez's response did not address these causes
of action, we must determine whether State Farm established its right
to summary judgment on these causes as a matter of law.

 Martinez's "Petition Against State Farm Lloyds," filed March 9,
1998, states in relevant part:

 6. Martinez would show that he has sought from
State Farm a defense under the policy of insurance between
Riviera Condominiums. State Farm has a duty to defend
Martinez under the policy of insurance because Martinez is
identified as an additional insured, has been sued by Sonia
Cagle-Arvin alleging factual allegations that come within
policy coverage. Martinez has complied with all conditions
precedent, he is an additional insured under the policy, the
claims asserted by Cagle-Arvin are covered losses under the
policy of insurance, and State Farm had a duty to defend
Martinez under the policy of insurance, and as a result
Martinez incurred reasonable, necessary, and customary
attorney fees, and incurred reasonable, necessary, and
customary litigation costs and expenses, and court costs in
defending himself in the suit. 

 

* * * * *


BREACH OF COVENANTS OF GOOD FAITH AND FAIR

DEALING


 9. Martinez would show that a special relationship
exists between Martinez and State Farm, and the acts or
omissions of the Defendant constitutes a breach of the
covenants of good faith and fair dealing, which was the
proximate or producing cause of Martinez's injuries, and
was done with willful and wanton disregard of Martinez's
rights and remedies to entitle the Plaintiff to exemplary
damages.


BREACH OF CONTRACT



 10. In the alternative, Martinez would show that such
acts or omissions by State Farm constitute a breach of
contract, express or implied.


 In its motion for summary judgment, State Farm asserted it had
not breached the duty of good faith and fair dealing to Martinez because
"[a]n insurer has no duty to settle a claim that is not within the
coverage of the policy." State Farm cited American Physicians Ins.
Exchange v. Garcia, 876 S.W.2d 842, 848 (Tex. 1994), in support of this
assertion. It further argued that: (1) it had not breached a contract with
Martinez; (2) it had no duty to defend him; and (3) it had no duty to
indemnify him. State Farm cited Farmers Tex. County Mut. Ins. Co. v.
Griffin, 955 S.W.2d 81, 84 (Tex. 1997), in support of this argument.

 An insurer has a duty to deal fairly and in good faith with its
insured in the processing and payment of claims. Arnold v. Nat'l
County Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987). An insurer
breaches the duty of good faith and fair dealing when 1) there is no
reasonable basis for denying or delaying payment of benefits under the
policy, and 2) the insurer knew or should have known there was not a
reasonable basis for denying the claim. Republic Ins. Co. v. Stoker, 903
S.W.2d 338, 340 (Tex. 1995); Transportation Ins. Co. v. Moriel, 879
S.W.2d 10, 18 (Tex. 1994); see also Aranda v. Insurance Co. of N. Am.,
748 S.W.2d 210, 213 (Tex. 1988). However, there can be no claim for
bad faith when an insurer has promptly denied a claim that is, in fact,
not covered. Stoker, 903 S.W.2d at 341.

 We have already determined that Martinez was not an insured
under the CGL policy for the injuries alleged in the Cagle-Arvin lawsuit. 
Consequently, there can be no claim for "bad faith" where the only
transgression alleged by Martinez is that State Farm refused to defend
him in the Cagle-Arvin lawsuit. We hold the trial court did not err in
granting State Farm's motion for summary judgment on the breach of
the duty of good faith and fair dealing issue.

 The only breach of contract alleged in Martinez's petition is that
State Farm refused to defend him in the Cagle-Arvin lawsuit. Because
we have already determined that Martinez was not an insured under
the CGL policy for the injuries alleged in the Cagle-Arvin lawsuit, and
that State Farm had no duty to defend him, there can be no breach of
contract as alleged by Martinez. We hold the trial court did not err in
granting State Farm's motion for summary judgment on the breach of
contract issue.

IX. Dismissal of Martinez's Causes of Action


for Violations of the DTPA and Insurance Code


 In his second point of error, Martinez also contends the trial court
erred in granting State Farm's motion to strike because he has causes
of action against State Farm for violations of the DTPA and insurance
code. Nowhere in his brief does Martinez attack the trial court's
sustaining of State Farm's special exceptions to Martinez's pleadings.

 Martinez first added the allegations of insurance code and DTPA
violations in his March 9, 1998 petition. State Farm filed special
exceptions to this pleading, claiming, inter alia, that Martinez had failed
to plead these causes of action with enough specificity, and had failed
to state a claim upon which relief could be granted.(4) The trial court
sustained State Farm's special exceptions at a hearing on May 15,
1998. Martinez filed an amended petition on June 24, 1998, but the
only change to the prior petition was the addition of the following
language:

 7. State Farm engaged in unfair settlement practices
by misrepresenting to Martinez and Riviera Condominiums
a material fact relating to the coverage at issue. The policy
of insurance specifically provides that condominium owners
are insureds under the policy of insurance.

 

(1) State Farm's conduct of asserting that Martinez is not an
insured under the policy of insurance in direct contravention
to a policy provision violates both the [DTPA] and the
insurance code.

 

(2) When Cagle-Arvin alleged factual claims for false
imprisonment and slander giving rise to coverage under the
policy, they failed to effectuate a prompt, fair, and equitable
settlement with respect to State Farm's liability because
coverage had become reasonably clear considering the
factual pleadings asserted by Cagle-Arvin. 


(3) State Farm likewise violated the [DTPA] and insurance
code when it failed to attempt in good faith to effectuate a
prompt, fair and equitable settlement of a claim when Cagle-Arvin amended her petition and alleged a cause of action for
false imprisonment. 


(4) State Farm violated the [DTPA] and the insurance code
when it failed to attempt to effectuate a prompt, fair, and
equitable settlement under the portion of the policy providing
for coverage for false imprisonment after Cagle-Arvin
amended her pleading and specifically plead a cause of
action for false imprisonment.

 

(5) State Farm has failed and the wrongful conduct
continues by failing to provide Martinez a prompt,
reasonable explanation of the basis in the policy for State
Farm's denial of the claim. The policy specifically provides
that a condominium owner is an insured under the policy,
yet State Farm wrongfully, intentionally, and maliciously
relies upon federal law from another state to deny Martinez
coverage for Cagle-Arvin's claims against Martinez. 


(6) State Farm refused to pay the claim or defend Martinez
without conducting a reasonable investigation with respect
to the claim. 


(7) State Farm caused confusion or misunderstanding as to
the source or approval of its insurance services because it
has taken a position that they owe no duty to Martinez when
they owe a duty two fold [sic]:


(a) Martinez is a condominium owner and covered as
an insured under the policy and 


(b) Cagle-Arvin asserted factual claims against
Martinez for both slander and false imprisonment, and
specifically sued for false imprisonment, both covered
claims under the policy of insurance. 

 

(8) State Farm, through the direct and plain reading of their
policy have misrepresented through their actions that the
policy of insurance has approval, characteristics, and
benefits which they claim the policy does not have. 


(9) State Farm represented the agreement involved or
conferred rights and remedies or obligations which they
assert after Martinez made a claim that the policy does not
have. 


(10) State Farm failed to disclose when the policy of
insurance was issued to Riviera Condominiums that they
would deny a claim made by an individual condominium
owner if asserted by an employee of the condominium
against one of the owners for specifically identified actions
such as false imprisonment or slander. 


 On July 1, 1998, State Farm filed its Amended Motion to Strike,
alleging that Martinez's latest petition had failed to cure the pleading
defects:

 The Petition contains 10 new factual allegations
concerning State Farm's alleged violations of the insurance
code and DTPA . . . . Contrary to the exceptions sustained,
these allegations still fail to specify when the
misrepresentations allegedly were made and by whom they
were made. Also contrary to the exception sustained, some
of the alleged DTPA and insurance code violations . . . are
still improperly premised upon State Farm's alleged failure to
defend or settle the third-party claim against Martinez. In
short, the 10 new allegations neither cure Martinez's
pleading defects nor state a claim for relief against State
Farm.


 Specifically, State Farm asserted that allegations (1) through (7)
and (10) were not actionable because they complained of State Farm's
alleged breach of the duty to defend. The trial court had already
determined, by granting State Farm's motion for summary judgment,
that State Farm had not breached any duty to defend Martinez. State
Farm further asserted that allegations (8) and (9) made "no sense" and
failed to specify the contents and nature of the alleged
misrepresentations, or when they were allegedly made.

 After notice, a hearing on the amended motion to strike was held
on August 3, 1998. The trial court granted the motion on that date and
dismissed, with prejudice, Martinez's causes of action under the DTPA
and insurance code.

 Special exceptions are allowed by Texas Rule of Civil Procedure 91,
which states that a special exception shall point out the insufficiency in
the pleading excepted to. Tex. R. Civ. P. 91; Lara v. Lile, 828 S.W.2d
536, 541 (Tex. App.--Corpus Christi 1992, writ denied). If the plaintiff's
pleadings are insufficient, the defendant may file special exceptions,
specifically pointing out the defect or reason that the plaintiff's claim is
invalid. Lara, 828 S.W.2d at 541. If the special exceptions are
sustained, the plaintiff must then be given an opportunity to amend his
pleadings before the case may be dismissed. Id.; Texas Dept. of Corr.
v. Herring, 513 S.W.2d 6, 9-10 (Tex. 1974); Moseley v. Hernandez, 797
S.W.2d 240, 242 (Tex. App.--Corpus Christi 1990, no writ). If, after
amending his petition, the plaintiff has still not cured the defect, the trial
court may dismiss the case. Nichols v. Jack Eckerd Corp., 908 S.W.2d
5, 7 (Tex. App.--Houston [1st Dist.] 1995, no writ).

 A trial court has broad discretion to sustain special exceptions. Id. 
On review, the trial court's rulings on special exceptions will be
reversed only upon a showing of an abuse of discretion. Gutierrez v.
Karl Perry Enterprises, Inc. 874 S.W.2d 103, 105 (Tex. App.--El Paso
1994, no writ). The test for abuse of discretion is whether the trial
court acted without reference to any guiding rules and principles and
whether the act was arbitrary and unreasonable. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-21 (Tex. 1986). 

 However, an appellant complaining of the dismissal of a cause of
action following the sustaining of special exceptions must first attack
the trial court's decision to sustain the special exceptions and then
attack the trial court's decision to dismiss. Holt v. Reproductive Servs.,
Inc., 946 S.W.2d 602, 604 (Tex. App.--Corpus Christi 1997, writ
denied); Cole v. Hall, 864 S.W.2d 563, 566 (Tex. App.--Dallas 1993,
writ dism'd). If the appellant does not challenge the ruling on the
special exceptions, then any error in the sustaining of the special
exceptions is waived. Cole, 566 S.W.2d at 566.

 Here, State Farm specially excepted to Martinez's post-summary
judgment pleading, which alleged insurance code and DTPA violations
for breach of the duty to defend. The issue of State Farm's duty to
defend Martinez had already been resolved in State Farm's favor on
summary judgment. We conclude the trial court did not abuse its
discretion by dismissing Martinez's allegations (1) through (7) and (10).

 There are arguably two allegations, (8) and (9), that are not
predicated on the duty to defend. In allegations (8) and (9), Martinez
alleged misrepresentations by State Farm, but gave no specifics
regarding these alleged misrepresentations. Because Martinez did not
specify what these misrepresentations were, we conclude the trial court
did not abuse its discretion by dismissing allegations (8) and (9). We
hold the trial court did not abuse its discretion by granting State Farm's
amended motion to strike and dismissing Martinez's causes of action
under the DTPA and the insurance code.

 We have held that the trial court did not err in granting State
Farm's motion for summary judgment on the breach of contract and
breach of the duty of good faith and fair dealing issues. We have also
held that the trial court did not abuse its discretion in granting State
Farm's amended motion to strike and dismissing Martinez's causes of
action under the DTPA and the insurance code. Accordingly, we
overrule Martinez's second point of error.

 We affirm the trial court's orders granting State Farm Lloyd's
motion for summary judgment and amended motion to strike.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.

1. Appellant's points of error are misnumbered in his brief. They begin with
number two instead of number one. We will number them correctly to avoid
confusion.
2. This is more properly called a third-party action. See Tex. R. Civ. P. 38(a).
3. We assume State Farm filed a second motion for summary judgment on the
issue of attorney's fees and costs. That motion, however, is not in the record before
us. We note that the issue of attorney's fees and costs was not specifically presented
in State Farm's "First Amended Motion for Summary Judgment" at issue here.
4. The record shows that State Farm filed at least two previous special
exceptions, and at least one previous motion to strike. However, we have no record
of any hearing on these previous motions.