Opinion issued December 12, 2002







  

 



 
In The
Court of Appeals
For The
First District of Texas




NO. 01-00-01065-CV




ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant

V.

BEIRNE, MAYNARD & PARSONS, L.L.P., Appellee




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2000-22922-A




O P I N I O N
          Beirne, Maynard & Parsons, L.L.P. (BM&P), appellee, prevailed in its
counterclaim and recovered past due attorney’s fees and defense costs in a legal
malpractice claim brought against it. In a separate action, BM&P’s malpractice
carrier, St. Paul Fire & Marine Insurance Company, sought reimbursement for the
fees it paid to represent BM&P. The trial court granted BM&P’s motion for summary
judgment, and St. Paul appeals. We reverse and remand.
Background
          St. Paul provided professional liability insurance to BM&P under an “eroding
policy” that covered defense costs as well as providing coverage for any recovery in
a legal malpractice suit brought against it. The $5 million errors and omissions policy
was depleted by any expenditures resulting from defense costs or recoveries; thus the
coverage would “erode” even if there was a defense verdict and no recovery.
          A former client of BM&P, Ralph Lowe, and his company, Dixie Oil
Processors, Inc. (the Lowe plaintiffs), sued the law firm and two of its attorneys,
alleging they committed legal malpractice. BM&P notified St. Paul, who agreed to
provide a defense. This representation, however, was tendered under a reservation
of rights.
          BM&P filed a counterclaim against the Lowe plaintiffs seeking recovery of
past due attorneys’ fees owed it from the underlying litigation. BM&P also sought
recovery of the additional legal fees paid by St. Paul to the firm hired to defend
BM&P in the Lowe suit. At trial, Lowe and BM&P stipulated to the legal expenses
at issue. They agreed BM&P had incurred $134,973.23 for its own past due legal
fees, and that St. Paul had paid $460,211.12, representing BM&P in Lowe’s legal
malpractice suit.
          The jury returned a verdict against the Lowe plaintiffs and in favor of BM&P. 
The trial court then granted a directed verdict on BM&P’s counterclaim and rendered
judgment that BM&P recover: 
(1)Unpaid stipulated attorneys’ fees and expenses of [BM&P] in its
representation of [Lowe] in the amount of $134,973.23;
 
          (2)     Prejudgment interest [on the unpaid attorneys’ fees]; and
 
(3) Stipulated attorneys fees and expenses of [BM&P’s counsel] for
this case in the total amount of $560,211.12.




St. Paul then requested that BM&P reimburse it the monies it expended for BM&P’s
defense, as set out in the judgment. BM&P refused.
          St. Paul continued to provide a defense for BM&P throughout the appellate
process in the Lowe case and incurred an additional $462,799.55 in defense costs. 
The appellate court affirmed the judgment, and the Texas Supreme Court declined
review. On June 15, 2000, after the Texas Supreme Court rejected Lowe’s motion for
rehearing, the appeal became final. 
          Upon realizing BM&P was not going to reimburse it, St. Paul attempted to
intervene in the Lowe litigation, seeking a constructive trust and requesting
declaratory relief. BM&P filed a motion for summary judgment, and the Lowe court
granted the motion, asserting it lacked subject matter jurisdiction over the claim. The
Lowe court then dismissed St. Paul’s claims without prejudice.
          Two days later, St. Paul initiated this suit against BM&P and the two lawyers
in a different district court from the Lowe suit. St. Paul again asserted its right to
reimbursement under the judgment from the Lowe suit. It alleged causes of action
founded in declaratory relief under the policy, equitable subrogation, unjust
enrichment, quantum meruit, and constructive trust.



          On the same day that BM&P filed its original answer to St. Paul’s suit, it also
filed a motion for partial summary judgment, asserting five affirmative defenses to
the claims: impermissible collateral attack on a final judgment, collateral estoppel, res
judicata, judicial estoppel, and no timely and specific notice. The trial court granted
BM&P’s motion, and the cause was severed. In one point of error, St. Paul argues
the trial court erred in rendering summary judgment for BM&P.
BM&P’s Motion for Partial Summary Judgment
Standard of Review
          A defendant is entitled to summary judgment based on an affirmative defense
if it proves all elements of the affirmative defense as a matter of law, such that there
is no genuine issue of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900
S.W.2d 339, 341 (Tex. 1995); Van Polen v. Wisch; 23 S.W.3d 510, 514 (Tex.
App.—Houston [1st Dist.] 2000, pet. denied). Once the defendant produces evidence
entitling it to summary judgment, the plaintiff must present evidence raising a fact
issue. Haight v. Savoy Apts., 814 S.W.2d 849, 851 (Tex. App.—Houston [1st Dist.]
1991, writ denied). We will affirm the summary judgment if any theory advanced in
the motion for summary judgment is meritorious. Cincinnati Life Ins. Co. v. Cates,
927 S.W.2d 623, 626 (Tex. 1996); Cigna Ins. Co. v. Rubalcada, 960 S.W.2d 408, 411
(Tex. App.—Houston [1st Dist.] 1998, no pet.).
          BM&P argued the final judgment in the Lowe court was unambiguous, and it
raised five affirmative defenses in its motion for partial summary judgment asserting
St. Paul’s action should fail because (1) it was an impermissible collateral attack on
the final judgment, (2) it was barred by issue preclusion or collateral estoppel, (3) it
was barred by claim preclusion or res judicata, (4) it was barred by judicial estoppel,
and (5) it was barred for lack of timely and specific notice. We find that there
remained issues of material fact regarding the affirmative defenses of whether the
judgment was unambiguous and whether the appellee received notice. We further
find that, as a matter of law, appellee was not entitled to the affirmative defenses of
collateral attack, issue preclusion (collateral estoppel), and claims preclusion (res
judicata).



Judgment Unambiguous
          BM&P argued that because the Lowe judgment awarded “BMP and BMP
alone” the recovery, there can be no genuine issue of material fact that St. Paul is not 
entitled to any portion of the award. 
          The insurance policy BM&P purchased from St. Paul had a section entitled,
“Recovering Damages from a Third Party.” The section provided as follows:
Any person protected under this policy may be able to recover all or part
of a loss from someone other than us. Because of this, each protected
person must do all that’s possible to preserve any right of recovery
available. If we make a payment under this policy that right of recovery
will belong to us. If we recover more than we’ve paid, the excess will
belong to the person who had the loss. But we’ll deduct our recovery
expenses first. 

(Emphasis added.) BM&P argues that the term “loss” in this paragraph refers to a
payout on a liability claim as opposed to defense costs. Given the fact BM&P had a
eroding policy with St. Paul, the total coverage was depleted equally for settlements,
awards, and defense costs. As such, the total coverage would experience a “loss” in
either instance, and BM&P’s distinction is unfounded.
          We hold there is a fact question as to whether St. Paul is entitled to a portion
of the Lowe judgment.
Collateral Attack
          In its motion for partial summary judgment, BM&P asserted “St. Paul’s claim
that the Final Judgment is incorrect (i.e. that St. Paul, rather than BMP, is entitled to
a portion of the recovery) is an impermissible collateral attach [sic] on the Final
Judgment.” 
          A collateral attack, as opposed to a direct attack, does not attempt to secure a
corrected judgment; rather it is an attempt to avoid the effect of a former judgment
brought in a proceeding for some other purpose. Solomon, Lambert, Roth & Assocs.,
Inc. v. Kidd, 904 S.W.2d 896, 900 (Tex. App.—Houston [1st Dist.] 1995, no writ). 
It is permissible to collaterally attack a judgment of one court in another court of
equal jurisdiction if the underlying judgment is void. Browning v. Placke, 698
S.W.2d 362, 363 (Tex. 1985); Dardari v. Tex. Commerce Bank Nat. Ass’n,, 961
S.W.2d 466, 468-69 (Tex. App.—Houston [1st Dist.] 1997, no pet.). 
          Here, St. Paul is not attempting to “avoid the effect” of the Lowe judgment. 
On the contrary, it is merely attempting to seek reimbursement from BM&P’s
recovery on its counterclaim. We hold that, as a matter of law, St. Paul did not
impermissibly collaterally attack the Lowe judgment. 
Collateral Estoppel
          BM&P argued, “St. Paul’s claim that it is entitled to share in BM&P’s recovery
is barred by the doctrine of issue preclusion (collateral estoppel).”
          The doctrine of collateral estoppel is designed to promote judicial efficiency,
protect parties from multiple lawsuits, and prevent inconsistent judgments by
precluding the relitigation of issues. Sysco Food Serv., Inc. v. Trapnell, 890 S.W.2d
796, 801 (Tex. 1994). A party seeking to assert the bar of collateral estoppel must
establish that (1) the facts sought to be litigated in the second action were fully and
fairly litigated in the first action, (2) those facts were essential to the judgment in the
first action, and (3) the parties were cast as adversaries in the first action. Id. Strict
mutuality of parties is no longer required. Id. It is only necessary that the party
against whom the doctrine is asserted was a party or in privity with a party in the first
action. Id. at 802; Neely v. Comm’n for Lawyer Discipline, 976 S.W.2d 824, 827
(Tex. App.—Houston [1st Dist.] 1998, no pet.).
          BM&P cannot satisfy any of the requirements for asserting collateral estoppel. 
St. Paul’s attempted reimbursement from BM&P attorneys’ fees recovery was not
litigated in the legal malpractice claim or BM&P’s counterclaim. St. Paul’s claim
was not essential to the underlying suit, and St. Paul and BM&P were not adversaries.
          We hold that, as a matter of law, BM&P’s collateral estoppel affirmative
defense fails.
Res Judicata
          BM&P contended, “St. Paul’s claim is barred by claim preclusion — the Final
Judgment establishes that BMP is entitled to the entire amount (res judicata).”
          Res judicata precludes relitigation of claims that have been finally adjudicated,
or that arise out of the same subject matter and could have been litigated in the prior
action. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex. 1992). The
elements of res judicata are a prior, final judgment on the merits by a court of
competent jurisdiction; identity of parties or those in privity with them; and a second
action based on the same claims that were raised or could have been raised in the first
action. Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). 
BM&P had the burden to prove conclusively all elements of this affirmative defense. 
See Dardari, 961 S.W.2d at 470.
           BM&P has not conclusively proved all the elements of res judicata. Although
the previous judgment was rendered by a court of competent jurisdiction, the parties
were not identical. Further, St. Paul’s claims against BM&P do not arise out of the
same transaction that was the subject matter of Lowe’s first suit for legal malpractice,
or BM&P’s counterclaim for unpaid legal fees. 
          We hold that, as a matter of law, BM&P’s res judicata affirmative defense fails.
Judicial Estoppel 
          In its motion for partial summary judgment, BM&P stated, “St. Paul has argued
that the Final Judgment is correct and has asserted the benefits and fruits of the
judgment as a basis for not settling with Lowe, on behalf of its insureds — thus,
judicial estoppel bars St. Paul’s present claims that the judgment is not correct.”
          Under the doctrine of judicial estoppel, a party is estopped merely by the fact
of having alleged or admitted in his pleadings, in a prior proceeding under oath, a
position contrary to the assertion sought to be made. Long v. Knox, 291 S.W.2d 292,
295 (Tex. 1956); Balaban v. Balaban, 712 S.W.2d 775, 777 (Tex. App.—Houston
[1st Dist.] 1986, writ ref’d n.r.e.). Judicial estoppel does not apply to contradictory
positions taken in the same proceeding; it is called into play only in a subsequent
action. Wells v. Kansas Univ. Endowment Ass’n, 825 S.W.2d 483, 488 (Tex.
App.—Houston [1st Dist.] 1992, writ denied). Judicial estoppel is not established in
the absence of any evidence that the averment, on which a claim of estoppel is based,
was made in the course of other judicial proceedings. Balaban, 712 S.W.2d at 778.
          BM&P’s judicial estoppel affirmative defense fails as a matter of law. St. Paul
was not a party to the underlying action; therefore, it made no allegations or
admissions in the prior proceeding contrary to its present position. See id. at 777. 
Notice 
           Finally, BM&P asserted, “Texas law requires that before undertaking the
defense of an insured, an insurer must provide its insured with timely and specific
notice of any claim by the insurer adverse to its insured. That is particularly so where
the insurer plans to assert a right to reimbursement in conflict with and indeed against
its own insureds. Because St. Paul did not provide timely and specific notice, its
claims are barred as a matter of law.”
          BM&P relies on the Texas Ass’n of Counties County Gov’t Risk Mgmt. Pool
v. Matagorda County, 52 S.W.3d 128 (Tex. 2000) case to support its position. We,
however, find the Matagorda County case to be easily distinguished from the case
before us. In Matagorda County, the insurer defended its insured under a reservation
of rights, and it settled on behalf of its insured. After settlement, the insurer denied
coverage and sought reimbursement from the insured for the amount of settlement. 
Id. at 131. Here, St. Paul did not deny coverage, and St. Paul does not seek to recover
its defense costs out of BM&P’s pocket. Rather, it attempted to recover its defense
costs incurred representing BM&P, as awarded under the judgment.  
          In Matagorda County, the Texas Supreme Court considered the propriety of
seeking reimbursement for settlement monies, not defense costs. See id. (O’Neill, J.,
dissenting) (“The Court does not address defense costs in today’s decision.”). In the
underlying opinion, however, the Corpus Christi Court of Appeals held that “absent
specific notice to the insured that he may later be charged for [defense costs], the
insurer has no right to reimbursement.” Matagorda County v. Texas Ass’n of
Counties County Gov’t Risk Mgmt. Pool, 975 S.W.2d 782, 785 (Tex. App.—Corpus
Christi 1998), aff’d 52 S.W.3d 128 (Tex. 2000). We find it significant that the
Matagorda County court was faced with a different set of facts than those that are
before us here. In Matagorda County, the insured was seeking reimbursement
directly from its insured, not from the proceeds of a judgment in which its insured
was awarded its costs of defense.
         We hold there is a fact question on BM&P’s “notice of claim” affirmative
defense, and as such, summary judgment could not have been awarded on this theory.
          Because it failed to prove, as a matter of law, all the elements of any of its five
affirmative defenses, we hold BM&P’s summary judgment was improperly granted. 
See Cathey, 900 S.W.2d at 341.
Conclusion
          We reverse the trial court’s summary judgment and remand the cause for
further proceedings.

 

                                                                        Davie L. Wilson
                                                                        Justice
 
Panel consists Justices Jennings and Wilson.


 
Former Chief Justice Michael H. Schneider, who sat on the original panel for this
appeal, was appointed Justice of the Texas Supreme Court on September 6, 2002 and
did not participate in this Opinion.

Do not publish. Tex. R. App. P. 47.4.