Opinion issued November 22, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00622-CV

————————————

**JESUS BANDA, JUAN BANDA, CHON BANDA, AND RUBEN BANDA,**
**Appellants**

**V.**

**GEORGE H. RAU, JR., STEVENS & RAU, P.C., RANDY L. STROUD, P.E.,**
**SANTIAGO AGUILERA, BLAS VALLEJO, SALVADORE RAZO, AND**
**MIGUEL ANGEL GARCIA, Appellees**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 75560-CV**

---

## MEMORANDUM OPINION

This is an appeal from a summary judgment granted on the claim that appellants' suit is barred by res judicata. We reverse and remand.

# BACKGROUND

Appellants and Appellees were involved in a years-long dispute over the ownership and location of land parcels in a mobile home park. One of the appellants (collectively, the Bandas) had executed contracts for deed with several of the park's occupants. Later, a dispute arose over whether payments the appellee-occupants were making to the Bandas were rental payments or purchase payments. The appellee-occupants sued, and the parties reached a settlement. In addition to reading the settlement agreement into the record, counsel prepared a schematic drawing setting out the locations of the properties that was attached to the parties' Agreed Judgment. That cause was litigated in the 239th District Court in Brazoria County.

The Agreed Judgment was entered on March 22, 2010. It stipulated that the parties were to hire a surveyor to conduct surveys and provide legal descriptions of the parcels and that appellant Jesus Banda was to furnish deeds to each of the appellee-occupants within thirty days of the completion of the surveys. When this did not occur, appellee-occupants filed a motion to enforce the judgment, which the trial court granted on May 24, 2011. Then, on July 12, 2011, the court ordered appellee Stroud to act as an independent surveyor and survey the property in accordance with the judgment, and ordered appellee Rau to act as the receiver of the property and issue deeds at the conclusion of the survey.

The surveys were completed and, on October 7, 2011, appellee-receiver Rau notified the Bandas via counsel that—if neither side had any correction or suggestions regarding the accuracy of the survey—he would have Warranty Deeds drafted based upon the surveys. In that same October 7, 2011 notice, Rau stated that the surveys would be submitted to the trial court for approval.

On October 20, 2011, appellant Jesus Banda's attorney sent a letter to both appellee-receiver Rau and appellee-surveyor Stroud, protesting that the proposed surveys were different than the conveyances agreed to by the parties in the Agreed Judgment. The letter pointed out the specific ways in which the Bandas contended the surveys differed from the language of the Agreed Judgment, and the trial court was copied on the correspondence. On October 31, 2011, in response to a letter from appellee-Stroud asserting that the surveys were consistent with a sketch attached to the Agreed Judgment, Jesus Banda's attorney again contended that the surveys did not reflect the parties' agreement. The trial court was again copied on this correspondence and it included an informal drawing of what Jesus Bandas contended was consistent with the court's orders and the parties' agreement.

On June 20, 2013, appellee Stroud advised the parties that he was going to execute and record receiver deeds on July 1, 2013. On the afternoon of July 1, 2013, appellant Jesus Banda's attorney faxed a letter to appellee-receiver Rau, appellee-surveyor Stroud, and the trial court, again pointing out the particulars in

3

which he believed the proposed deeds were incorrect and did not reflect the agreement entered into by the parties in open court.

On July 9, 2013, Rau responded that he had prepared the recorded receiver deeds "after consultation with the surveyor" and suggested that the Bandas "take the matter up with the Court."

## A.     The Underlying Lawsuit

On January 14, 2014, the Bandas filed the underlying lawsuit against appellee-receiver Rau, appellee Stevens & Rau, P.C., appellee-surveyor Stroud, and three appellee-occupants of land at the mobile home park. That lawsuit was assigned to the 23rd District Court of Brazoria County. The Bandas sought damages from appellees Rau, Stevens & Rau, P.C., and Stroud for their alleged "course of willful conduct with the intent to interfere with the parties' agreement." Specifically, the Bandas contended that, despite the court ordering the surveyor and receiver "to execute the appropriate deeds in accordance with the orders of the court rendered on July 12, 2011," they instead "arbitrarily conveyed real property on July 1, 2013, contrary to the existing agreement between the parties and in disobedience or noncompliance with the court orders." Against the individual appellee-occupants, the Bandas alleged that they agreed to accept different plots and amounts of land in Agreed Judgment than was actually conveyed to them by

4

the receiver deeds. Thus, the Bandas alleged each had breached their contractual agreements.

## B. The Transfer and Summary Judgment

The three appellee-occupants requested that the 23rd District Court transfer the cause to the 239th District Court (the court that had heard and decided the earlier lawsuit resulting in the Agreed Judgment). The Bandas opposed the transfer, arguing:

> Defendants allege that res judicata applies to the facts in this case because the issues involving quieting title were resolved as a result of an agreed judgment dated March 22, 2010. The March 22, 2010 judgment required the parties to select a surveyor to provide a legal description of the 5-acre tract of land so that deeds could be prepared to describe the land being conveyed by Jesus Banda. Since the March 22, 2010 judgment the parties went back to the 239th District Court on a motion to enforce. The court terminated the services of the surveyor previously retained by the parties and on July 12, 2011 appointed Randy Stroud to survey the property and George Rau, Receiver, was appointed to draft deeds based upon the court's judgment and the parties agreement.
>
> On July 1, 2013, two years later, the receiver filed real estate deeds with the Brazoria County Clerk's office. The deeds filed as a matter of record were different than the division of land agreed to on the March 22, 2010 judgment by the parties. This case was resolved by settlement agreement and the judgment had to strictly confirm to the terms of the agreement. There was a contract existing between the parties that was enforceable by lawsuit as any other agreement. The problem in this case is the land was divided by the receiver/surveyor differently than stipulated by agreement and judgment. The issues prior to the judgment are not being re-litigated. The lawsuit currently before the 23rd judicial District Court attempts to correct and rescind deeds that granted land arbitrarily to individuals that were not entitled to it. The rule of law that applies is that the enforcement order must be carried out consistently with the original judgment and cannot

5

materially change a part of the judgment that was substantially adjudicated. The receiver and surveyor used their discretion to take land away from plaintiffs.

The Judge of the 239th District Court (Patrick Sebesta) was informed during 2013 that the receiver and surveyor were not abiding by the agreement before the court. The 239th District Court refused to intervene professing not to have jurisdiction. The case is appropriately filed in the 23th District Court and should not be sent to the 239th District Court as it does not have jurisdiction of the parties.

Over this objection, the 23rd District Court transferred the underlying case to the 239th District Court.

The three appellee-occupants moved for summary judgment on the basis of res judicata, and the trial court granted the motion. The Bandas timely brought this appeal.

## ISSUES ON APPEAL

In a single issue, the Bandas argue "The Trial court erred in granting summary judgment in favor of Appellees on the grounds of res judicata." In response, appellees contend that the trial court's summary judgment was proper, and they seek an award of attorneys' fees for defending what they contend is a frivolous appeal.

## RES JUDICATA

"Res judicata is a generic term for the related concepts of claim preclusion (res judicata) and issue preclusion (collateral estoppel)." *Barnes v. United Parcel Serv.*, 395 S.W.3d 165, 173 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

6

"Res judicata bars the re-litigation of claims that have been finally adjudicated or that could have been litigated in the prior action." *Igal v. Brightstar Info. Tech. Grp.*, 250 S.W.3d 78, 86 (Tex. 2008). For res judicata to apply, the defendant must show that: (1) there is a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on claims that were or could have been raised in the first action. *Id.*; *Dardari v. Tex. Commerce Bank Nat'l Ass'n*, 961 S.W.2d 466, 470 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Res judicata does not operate as a bar to litigation when the second claim could not have been raised in the previous litigation. *See Abbott Labs. v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971); *Voskamp v. Arnoldy*, 749 S.W.2d 113, 126 (Tex. App.—Houston [1st Dist.] 1987, writ denied).

## A.    The Summary Judgment

Santiago Aguilera, Blas Vallejo, and Miguel Garcia—three appellee-occupants—filed a traditional motion for summary judgment. That motion argued, in its substantive entirety:

> On the 22nd day of March, 2010, pursuant to the Agreed Final Judgment of this Court in Cause No. 25553 in this Court, and Trustee's Deeds executed by George H. Rau, Jr. the Receiver appointed by this Court, Defendants' title to the land involved in this litigation was, for all time, confirmed. Copies of the Court's Judgment in Cause No. 25553 as well a Trustee's Deed in favor of the Defendant, Santiago Aguilera, are attached hereto and made parts of this Motion for all relevant purposes. The Court is asked to take

7

judicial notice of both documents which are on file in the Court records and deed records of Brazoria County along with the Receiver's deeds to the Defendants, BLAS VALLEJO and MIGUEL ANGEL GARCIA, which are also "of record" in the Deed Records of Brazoria County.

The Court's Final Judgment bars all claims now being brought by JESUS BANDA and the other Plaintiffs in the above-styled and-numbered cause under the doctrine of Res Judicata. All issues and causes of action regarding Defendants' title to the real property involved were forever resolved and "put to bed" by the Court's Judgment after years of litigation before this Court, and a Judgment which claimants to the land in dispute asked to be entered. Plaintiffs' present lawsuit is nothing more than an improper collateral attack on that Agreed Final Judgment.

The Bandas filed a response, again arguing that their claims were not barred by res judicata because they were *not* seeking to challenge the contents of the Agreed Judgment from the prior suit; rather, they were arguing that the receiver deeds did not conform to the Agreed Judgment. As evidence, the Bandas included the parties' Rule 11 Agreement, a transcript of the parties' settlement agreement being read into the record, the Agreed Judgment, and an affidavit by appellant Jesus Banda verifying the facts in the response and averring that the Bandas claims are based upon facts that did not exist at the time of the Agreed Judgment.

On May 25, 2015, the trial court signed an order granting "Defendants' Motion for a full and final Summary Judgment."[1]

---

[1] It appears this summary judgment was final, although erroneous, because it unequivocally disposed of all claims and parties even though the motion for summary judgment it was based upon only addressed claims against three of the five defendants. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)

8

**B.    Analysis**

On appeal, the Bandas argue that the district court "erred in granting summary judgment based upon res judicata." They contend that res judicata does not bar a claim that arose after a final judgment that is based on facts not resolved in that judgment. Because their argument is that the "the parties did not perform in accordance with the Rule 11 Agreement nor the Agreed Judgment," the Bandas assert that the trial court's judgment based upon res judicata should be reversed.

Appellees argue that that the Bandas's claims are foreclosed because the Bandas are "attempting to undo" the Agreed Final Judgment. Because the Bandas did not appeal that Agreed Judgment, appellees contend that the Bandas cannot collaterally attack that final judgment in this suit. Accordingly, appellees argue that the trial court's granting summary judgment based on res judicata was proper and that the summary judgment should be affirmed.

We disagree with appellees that the Bandas "waived any complaint [they] may have had regarding a supposed incorrect survey and deeds based" on the Agreed Judgment. Both parties agree that the Agreed Judgment is binding and controlling and—contrary to the appellees' argument—the Bandas have not

---

("[I]f a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final. A judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory."). No party has complained of this error on appeal.

challenged the Agreed Judgment, nor sought to "undo" it in the underlying lawsuit. Either the survey and receiver deeds were prepared in conformity with the Agreed Judgment or they were not. We need not resolve that issue on appeal because it is not an issue raised in appellees' motion for summary judgment, nor has that issue been litigated yet in the trial court. The dispute over whether the survey and receiver deeds comply with the Agreed Judgment is not foreclosed by res judicata because the Bandas' claims arise from facts that came about *after* the Agreed Judgment was final.

We thus reverse the trial court's summary judgment and remand to the trial court for further proceedings consistent with this opinion. Given our disposition, we reject appellees' argument that the Bandas' appeal is frivolous, and accordingly we deny the appellees' request for an award of attorneys' fees as sanctions.

## CONCLUSION

We reverse the trial court's summary judgment and remand for further proceedings.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

10